(No. 21295.—

THE PEOPLE *ex rel.* Mary Stevens, Plaintiff in Error, *vs.*
WILLIAM D. MEYERING, Sheriff, Defendant in Error.

*Opinion filed June 24, 1932.*

BENEDICT J. SHORT, and MILES J. DEVINE, for plaintiff
in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A.
SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD
E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for
defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was arrested on a warrant issued by the Governor of this State on requisition of the Governor of New York to answer a charge of grand larceny and filed a petition for a writ of *habeas corpus* in the criminal court of Cook county. On hearing the petition was dismissed and plaintiff in error remanded to the custody of the agent from the State of New York. She brings the cause here for review, and argues, first, that the sheriff's return is illegal and does not justify her detention, in that the warrant of the Governor, only, is included therein while none of the other papers filed with the application for Governor's warrant were returned by the sheriff; second, there was no competent evidence that plaintiff in error was present in the demanding State on the date of the alleged commission of the crime of grand larceny; and third, that the court erred in admission of evidence.

Concerning the first objection, it appears by the record that the Governor's warrant, though not set out in full in the abstract, recites that the Governor of New York demands of the Governor of this State the delivery of plaintiff in error as a fugitive from justice, "and has produced and laid before me a copy of a warrant and indictment certified as authentic by said Governor and duly authenticated and charging the said Mary Stevens with having committed, on or about the 16th day of July, A. D. 1930, in the county of Steuben, in the said State of New York, the crime of grand larceny, first degree, which said Governor certifies to be a crime under the laws of said State of New York." It will be noted that the Governor's warrant certifies that plaintiff in error is charged with crime in the demanding State by an indictment. This is sufficient to make out a *prima facie* case showing that the issuance of the warrant by the Governor of this State was legal and justified and that the detention of the plaintiff in error on the authority of that warrant by the sheriff is legal. *People* v. *Meyering,*

345 Ill. 449; *People* v. *Meyering,* 345 id. 598; *Lacondra* v. *Hermann,* 343 id. 608.

Plaintiff in error cites *Lacondra* v. *Hermann, supra,* as authority for the contention that the Governor's warrant alone is not a sufficient return. In that case, however, the Governor's warrant did not certify that he had before him copy of an indictment or an affidavit made before a magistrate of the demanding State charging the petitioner with a crime, as required by the statute. As stated, the warrant in this case does so charge. The return was sufficient.

At the trial plaintiff in error presented the testimony of one Dr. Chesrow, to the effect that he attended her in a professional capacity in the city of Chicago during the early part of July, 1930, but that he was not in the city on the 16th day of July, the date charged in the indictment. One Cora Comina, a witness, also testified to nursing the defendant during the month of July, 1930, including July 16, in the city of Chicago. Another witness, one Max Maretz, testified that he called on plaintiff in error, who is a gypsy, and who with others of her people was living in his house during the month of July, 1930; that he went to the house on July 14 to collect rent and that plaintiff in error was there and was ill. Plaintiff in error testified that she was not in New York on the 16th of July but was in Chicago, where she had been treated by Dr. Chesrow. She testified that she was in Philadelphia in December, 1930, and that there was a charge there against her but that she was released on bond and was discharged. The People presented the testimony of William P. Jones, a police officer of the city of Corning, New York, who testified that he saw Mary Stevens in Corning, New York, during the week of July 16, 1930. He pointed her out in the court room, and testified that he saw her in Corning, New York, on or about July 16. On cross-examination he testified that he was positive that he saw her every day between the 10th of July and the 16th of July in Corning, New York; that he talked with

her at different times and that she wanted to tell his fortune. His identification of her was positive. He identified her by a goitre on the side of her neck. He also testified that he saw her in Philadelphia in December, 1930, and that she had been arrested there on an extradition warrant and was released on bond.

Counsel for plaintiff in error argue that there is no positive evidence in the record that she was seen in Corning, New York, on July 16. The testimony of the witness Jones was, as above stated, that he saw her on or about July 16, and that he was positive he saw her there every day between July 10 and July 16. This is sufficient to constitute evidence that plaintiff in error was in the demanding State at the time alleged in the indictment.

Under section 2 of chapter 60 of the Illinois statutes relating to fugitives from justice, (Smith's Stat. 1931, p. 1569,) the defense may be made against extradition that the prisoner was not physically present in the demanding State on or about the date on which the offense with which he is charged is alleged to have been committed. The question on the trial of such issue, however, is not one to be tried as an original question or as a defense of alibi to the crime with which the prisoner is charged. The question to be tried under the writ of *habeas corpus* is whether there is any competent evidence that the prisoner was a fugitive from justice. If there is, the court will not weigh the evidence or try the case. (*People* v. *Meyering,* 345 Ill. 598.) The court will not discharge one arrested under a Governor's warrant where the evidence on the subject of the presence in or absence from the State is merely contradictory, as *habeas corpus* is not the proper proceeding to try the question of alibi or any question as to the guilt or innocence of the accused. *Lacondra* v. *Hermann, supra; Munsey* v. *Clough,* 196 U. S. 346.

It is also argued that the court erred in admitting the affidavits of the witness Jones and of John McMahon, the

complaining witness. These affidavits were not competent as evidence, but Jones' affidavit was in substance as his testimony. The cause was heard by the court without a jury and the court is presumed to have considered only competent evidence. (*People* v. *Popescue,* 345 Ill. 142.) There was sufficient evidence in the record of the presence of plaintiff in error in the demanding State on the date of the crime as alleged in the indictment, and the court did not err in dismissing the petition for *habeas corpus* and in remanding the plaintiff in error to the custody of the agent of the State of New York.

The judgment of the criminal court is therefore affirmed.

*Judgment affirmed.*