(No. 22166.—

THE PEOPLE *ex rel.* Edward Wortman, Appellant, *vs.* JEROME MUNIE, Sheriff, Appellee.

*Opinion filed December 22, 1933.*

Harold J. Bandy, for appellant.

Otto Kerner, Attorney General, Louis P. Zerweck, State's Attorney, and J. J. Neiger, for appellee.

Mr. Justice Jones delivered the opinion of the court:

Edward Wortman, appellant, was arrested by the sheriff of St. Clair county upon a rendition warrant of the Governor of this State. The warrant was issued upon a demand of the Governor of Missouri. Wortman was charged with robbery in the first degree in Franklin county, in that State, and it was alleged that he is a fugitive from justice. After his arrest he filed a petition in the circuit court of St. Clair county for a writ of *habeas corpus*. He was produced in open court by the sheriff and expressly waived a written return to the writ. The testimony was heard and the court entered an order remanding him to the custody of the sheriff. From that order Wortman prosecutes this appeal.

On the hearing a deputy sheriff identified the prisoner as Edward Wortman. The only other witness was Charles Craft. He resides in St. Louis and is employed by the Brashear Truck Company as a chauffeur. He testified that in 1931 he saw Wortman on the highway in Franklin county, Missouri; that he (witness) was hauling shoes from Sullivan, Missouri, to St. Louis and made a boule-

vard stop in Sullivan; that two men approached the truck, one on each side; that the one on the driver's side stuck a gun against witness; that the truck was driven a mile or two out of town, where witness was put out and the other men drove away with the truck and its contents.

Craft first testified that the prisoner very much resembles the man who got upon the truck and stuck the gun on him. He admitted that he had told police officers that the prisoner is the man. On cross-examination he testified that the prisoner is not the man who held him up. It is claimed that the final but definite statement of Craft entitles the prisoner to discharge.

The established rule is that a rendition warrant of the Governor for the arrest of a prisoner makes a *prima facie* case against him and imposes upon him the burden of proof to show that he is not a fugitive from justice. (*People* v. *Wirz,* 349 Ill. 80; *People* v. *Meyering,* 349 id. 198; *Lacondra* v. *Hermann,* 343 id. 608.) This rule is conceded by appellant, but it is insisted that the testimony shows he did not participate in the robbery and destroys the *prima facie* case. What constitutes one a fugitive from justice is well settled. Where a person charged by an indictment or affidavit before a magistrate with the commission within a State of a crime covered by its laws and after the commission of the crime leaves the State, no matter for what purpose, he becomes from the time of such leaving a fugitive from justice. If found in another State, he must, upon proper application and the production of such indictment or affidavit duly certified, be delivered up to the demanding State. It is not the purpose of the writ of *habeas corpus* to allow the accused a trial on the merits. It has been repeatedly held that defenses to the charge cannot be entertained but must be referred for investigation to the trial of the case in the courts of the demanding State. In a *habeas corpus* proceeding for the discharge of the alleged fugitive the court cannot inquire into any question of alibi

or any question as to the guilt or innocence of the accused. (*People* v. *Baldwin,* 341 Ill. 604; *People* v. *Traeger,* 340 id. 147; *Appleyard* v. *Massachusetts,* 203 U. S. 222; *Biddinger* v. *Police Comrs.* 245 id. 128; *Munsey* v. *Clough,* 196 id. 364.) There is testimony in the record that Wortman was in Missouri at the time the crime was committed. He was charged by the demanding State with the commission of the crime, and thereafter he was found in the State of Illinois. Whether or not he is the man who menaced the driver of the truck and whether or not he was present at the commission of the crime are matters not competent to be considered by the court in a *habeas corpus* proceeding.

The Fugitive from Justice act (Smith's Stat. chap. 60, sec. 2, p. 1541,) names five defenses available in extradition proceedings: (1) That the requisition and papers are not in regular and legal form; (2) that he is not the particular person named in the requisition, indictment or affidavit or in the warrant issued by the Governor; (3) that he is not substantially charged with a crime against the laws of the demanding State; (4) that he is not a fugitive from the justice of the demanding State—*i. e.,* that he was not physically present in the demanding State on or about the date upon which the offense with which he is charged is alleged to have been committed; (5) that the requisition is not made in good faith but is for some ulterior purpose other than the punishment of crime. No question is urged under the first, third or fifth clause. The testimony sufficiently shows that appellant is the man named in the Governor's warrant, and disposes of any question under the second clause. The remaining clause is the fourth. Appellant's petition for the writ sets out "that he is not a fugitive from the State of Missouri and that he is a *bona fide* resident of the city of East St. Louis, State of Illinois." It nowhere alleges that he was not present in the State of Missouri on or about the date of

the crime, and there is no testimony that even tends to show that he was elsewhere. He had a right to present that defense, (*Lacondra* v. *Hermann, supra,*) and upon proving it would be entitled to discharge. (*People* v. *Traeger, supra.*) But he made no attempt to make such proof. He did not bring himself within any of the defenses against extradition set out in the statute. The only question to be tried was whether or not the prisoner was a fugitive from justice. (*People* v. *Meyering, supra.*) The burden being upon him to overcome the *prima facie* case made by the Governor's warrant, he is not entitled to discharge unless it clearly and satisfactorily appears that he is not a fugitive from justice within the meaning of the law. *People* v. *Traeger, supra.*

The judgment of the trial court was correct and it is affirmed. *Judgment affirmed.*