(No. 22340.— ▮▮▮▮▮▮▮▮▮)

THE PEOPLE *ex rel.* Lewis Parkinson, Defendant in Error, *vs.* MICHAEL F. MARTIN *et al.* Plaintiffs in Error.

*Opinion filed June 20, 1934.*

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, J. ALBERT WOLL, HENRY E. SEYFARTH, JAMES D. CUNNINGHAM, and WALTER L. McCOY, of counsel,) for plaintiffs in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Defendant in error, Lewis Parkinson, was arrested by the sheriff of Cook county upon a rendition warrant of the Governor of this State. The warrant was issued upon a demand of the Governor of Michigan. The warrant alleged that defendant in error was a fugitive from justice; that he was charged by complaint and warrant with having committed on November 13, 1923, at Manistee,

Michigan, the crime of uttering worthless checks, which was certified by the Governor of Michigan to be a crime under the laws of that State. Defendant in error filed in the criminal court of Cook county a petition for the writ of *habeas corpus,* alleging that the papers which induced the issuance of the rendition warrant were not legal; that the charges were once adjudicated in the county of Manistee, Michigan; that he was not guilty of the crime charged; that no competent or sufficient evidence was adduced upon the hearing before the Governor of Illinois to show that defendant in error was a fugitive from the State of Michigan, and that he received no notice of the hearing before the Governor. The return of the sheriff of Cook county set out the Governor's warrant, and in addition thereto a denial that defendant in error was ever arrested and tried in the State of Michigan on the charge mentioned in the Governor's warrant. After a hearing defendant in error was discharged by the court from the custody of the sheriff. This is a writ of error under the Fugitives From Justice act (Smith's Stat. 1933, chap. 60, p. 1541,) to the criminal court of Cook county to review the action of that court in discharging defendant in error.

Defendant in error has not filed a brief and argument to assist the court in determining whether or not the criminal court erred in discharging him. He testified that he was in the produce business in Manistee county, Michigan, in 1922 and 1923 and had issued a series of checks in payment of merchandise, the checks to be paid when the merchandise was delivered. He admitted that he had pleaded guilty on a charge involving some of these checks and had been put on probation in that State during 1922 or 1923. He admitted that he was the party named in the warrant and that he gave Peter Lass, the complaining witness, the check in question, dated November 13, 1923; that the check was given for merchandise and that it was post-dated about ten days. He admitted that he was in Michi-

gan at the time alleged and that he gave the check. He admitted that he had not paid this check and that he had talked to the complaining witness about the check not having been paid. He also testified that he sent money to Michigan after he was released on parole or probation under a promise to make restitution.

The check involved in the case at bar was not one of the two checks upon which the former charge was based. Harry W. Larson, under-sheriff of Manistee county, Michigan, testified that he knew of his own knowledge that the charge upon which this extradition proceeding was based was not the same charge upon which defendant in error had previously been prosecuted in Manistee county. Larson denied that the prosecutor had told him that Parkinson would not be punished if he paid his bill. The court discharged defendant in error.

The question is whether the trial court erred in discharging the prisoner. The rule is well settled that in *habeas corpus* proceedings under the Fugitives From Justice act the Governor's warrant for the arrest of the prisoner as a fugitive from justice makes a *prima facie* case and the burden is on the prisoner to prove that he is entitled to his discharge. (*People* v. *Meyering,* 355 Ill. 456; *People* v. *Munie,* 354 id. 490; *People* v. *Meyering,* 345 id. 449.) No evidence was offered at the hearing in the criminal court to show that the requisition papers were not in due or regular form. No effort was made by defendant in error to prove the allegation that the charges were once adjudicated in the county of Manistee, Michigan. On the contrary, it was admitted that he had pleaded guilty to a charge based on other worthless checks. Harry W. Larson testified the charges were not the same. Defendant in error admitted that he was in the State of Michigan at the date the check was given and admitted that he gave the check to the complaining witness at that time. There was no evidence that the offense with which defendant in error was

charged was not a crime under the laws of Michigan. Under-sheriff Larson testified that the authorities of the State of Michigan had been searching in vain for Parkinson for some years.

The case of *People* v. *Baldwin*, 341 Ill. 604, involved an appeal from an order discharging a fugitive who had been arrested on a Governor's rendition warrant in an extradition proceeding, on demand of the California chief executive. The prisoner was charged with child abandonment in that State. In reversing the judgment and remanding the case we held that whether the prisoner was guilty of the offense charged is a matter of defense with which the Governor and the courts of this State are not concerned. We also said that the admission of the prisoner that he was in California on the date fixed in the charge against him and that he later left the State was conclusive that he was a fugitive from justice, citing *Appleyard* v. *Massachusetts*, 203 U. S. 222.

The defendant in error failed to overcome the case made by the rendition warrant. By his own admission he was in the demanding State and passed the check which he is accused of passing. He is thus a fugitive from its justice, no matter for what purpose he had left the State. (*People* v. *Munie*, 354 Ill. 490.) The case made by the rendition warrant was not met in any particular. It follows that the trial court erred in discharging the prisoner.

The judgment is therefore reversed and the cause remanded to the criminal court of Cook county, with directions to order the surrender of Parkinson to the representative of the State of Michigan, in accordance with the warrant of the Governor of this State.

*Reversed and remanded, with directions.*