(No. 23655.—

THE PEOPLE *ex rel.* Herbert Buxton, Appellant, *vs.* WILLIAM H. JEREMIAH, Sheriff, Appellee.

*Opinion filed October 14, 1936.*

J. Fred Gilster, John M. Karns, and Philip G. Listeman, for appellant.

Otto Kerner, Attorney General, Walter J. Schuwerk, State's Attorney, and A. B. Dennis, for appellee.

Mr. Justice Wilson delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Randolph county quashing a writ of *habeas corpus*. The petition for the writ was filed on the relation of Herbert Buxton pursuant to section 2 of the act relating to fugitives from justice, which provides that one arrested as a fugitive from justice may, for any one or more of five different specified causes, have a writ of *habeas corpus* upon filing an affidavit alleging the cause. Two of such grounds are: "That the requisition and papers are not in regular and legal form," and that the petitioner "is not a fugitive from the justice of the demanding State, *i. e.,* that he was not physically present in the demanding State on or about the date upon which the offense with which he is charged, is alleged to have been committed." (State Bar Stat. 1935, p. 1714.) Both of these grounds were asserted in the application for the writ of *habeas corpus* and are relied upon for a reversal of the judgment.

The sheriff of Randolph county made a return to the writ, stating that he held Buxton in his custody upon an

extradition warrant and papers attached thereto, issued by the Governor of California and honored by the Governor of this State. The Governor's warrant and extradition papers were attached to the return. Prior to the commencement of the trial, on January 29 or 30, 1936, the relator made a motion to strike the return filed by the sheriff because it was not in regular form, and upon the denial of that motion moved to strike from the return the affidavits attached and the application for the requisition because they were not properly authenticated and certified. This motion was also denied. Upon quashing the writ the court ordered the relator remanded to the Randolph county jail, there to be delivered to the agent of the State of California for transportation to that State.

The sufficiency of the affidavits attached to the application for requisition, and their competency as evidence, are questioned. The United States statutes provide (18 U. S. C. A. sec. 662,) that "whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory charging the person demanded with having committed treason, felony or other crime, certified as authentic by the Governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested and secured, and to cause notice of the arrest to be given to the executive authority making such demand, or to the agent of such authority appointed to receive the fugitive, and to cause the fugitive to be delivered to such agent when he shall appear."

A complaint made on April 25, 1935, by H. L. Evans and sworn to by him before Wm. Frederickson, a judge of the municipal court of the city of Los Angeles, charged

Herbert Buxton, alias Earl Clark, alias H. Clark and John Doe, with the crime of robbery, alleged to have been committed in Los Angeles county, California, on or about January 9, 1935. There was a certification by L. E. Lampton, the county clerk of Los Angeles county, that Wm. Frederickson was a duly elected, qualified and acting judge of the municipal court of the city of Los Angeles. There was also a certification by a judge of the superior court of Los Angeles county that L. E. Lampton is the county clerk of Los Angeles county. The warrant of the Governor of this State recited that there was produced before him a copy of a complaint, warrant, affidavit and certificates, certified as authentic by the Governor of California, charging Buxton with the commission of the crime of robbery at the time and place mentioned, which offense the Governor of California certified to be a crime by the laws of that State. It is sufficient to justify the retention of the prisoner that the sheriff's return show only the Governor's warrant, if it certifies to sufficient facts in regard to the crime. (*People* v. *Meyering,* 349 Ill. 198; *People* v. *Meyering,* 345 id. 449; *Lacondra* v. *Hermann,* 343 id. 608.) All that is necessary to be shown to the Governor of the asylum State is that the accused is substantially charged with a crime against the laws of the demanding State by an indictment or affidavit before a magistrate, certified as authentic by the Governor of the demanding State and that the person demanded is a fugitive from the justice of that State. (*People* v. *Meyering,* 348 Ill. 486; *Strassheim* v. *Daily,* 221 U. S. 280.) The requisition signed by the Governor of California is not in the record, but the recitals in the warrant of the Governor of this State are not disputed and they must be deemed to state the truth. (*Lacondra* v. *Hermann, supra.*) The complaint and affidavit of Evans charging Buxton with the crime of robbery were made before a magistrate in the State of California and were in compliance with the section of the United States statute heretofore quoted. It was not

necessary that the certificates attached to the requisition papers be authenticated in accordance with the acts of Congress. The certificate of authenticity by the Governor of the demanding State was sufficient. (*People* v. *Murray,* 357 Ill. 326.) There were affidavits of three persons residing in Los Angeles county which recited facts with reference to the commission of the crime by Buxton. These affidavits were not sworn to before a magistrate but were sworn to before a deputy county clerk of Los Angeles county. The United States statutes do not prohibit the Governor of a State from receiving other evidence in addition to that required to be authenticated by the statute quoted. (*Ex parte Graves,* 236 Mass. 493.) The responsibility, in the first instance, of determining whether the accused is substantially charged with a crime and is a fugitive from the justice of the demanding State rests on the executive of the State in which he is found. (*People* v. *Toman,* 362 Ill. 232.) The character of evidence adduced to authorize the executive to grant a requisition is not a matter of particular concern since not prescribed by the Federal statutes, and it need only be satisfactory to the Governor. *People* v. *Meyering,* 345 Ill. 598; *Munsey* v. *Clough,* 196 U. S. 364; *Roberts* v. *Reilly,* 116 id. 80; *Albright* v. *Clinger,* 290 Mo. 83.

The three affidavits may not have been admissible as evidence on the trial in the *habeas corpus* proceeding, (*People* v. *Meyering,* 349 Ill. 198,) but it will be presumed that the trial judge acted only on competent testimony. (*People* v. *Meyering,* 345 Ill. 598.) The issue on the trial in such a proceeding is whether there is any competent evidence that the prisoner is a fugitive from justice. (*People* v. *Meyering,* 349 Ill. 198.) The question of the guilt or innocence of the accused is not involved.

It is argued that the competent evidence shows that the relator was not in the demanding State on the date upon which the offense with which he was charged was alleged

to have been committed. The date stated in the sworn complaint before the judge of the municipal court of California, and also stated in the application for the requisition, is, "on or about" January 9, 1935. The warrant issued by the Governor of this State sets forth the particular date without the use of the words "or about." Buxton testified that for the ten months immediately previous to the trial in the *habeas corpus* proceeding, which was on January 29 or 30, 1936, he was confined in the penitentiary at Menard and was not in California any time during January or February, 1935, and that he never used any other name than Herbert Buxton.

T. R. Thompson, a detective lieutenant of the city of Los Angeles, who was the agent of the State of California to return Buxton to that State, testified that he saw Buxton, whom he knew as H. Clark, at an apartment building in the city of San Pedro, a division of the city of Los Angeles, a week, ten days or two weeks prior to January 9, 1935; that Buxton drove in an automobile to the apartment building with a woman whom the witness did not know; that he saw the same woman three or four days after the alleged robbery and talked with her. He testified that about that time an associate police officer in California gave him a photograph which he recognized as one of Buxton. The witness testified that when he saw Buxton in Chester he showed him the photograph and asked him if he recognized it, to which Buxton made no reply. The witness then remarked that it was a "pretty fair likeness" of Buxton, and the latter admitted that it was a good picture of him but said he did not know when it was taken, and the witness told him that when his "wife ran out she left the picture behind." Upon the trial Buxton testified that the photograph was taken in Quincy, Illinois, but not until about April 4, 5 or 6, 1935.

In a *habeas corpus* proceeding for the release of an alleged fugitive from justice, arrested on an extradition

warrant, the requisition papers, if in good form, and the accompanying affidavits, make a *prima facie* case that the relator is a fugitive from justice and may be considered as evidence in the case, and it is incumbent on the relator to overcome the *prima facie* case by competent proof that he is not a fugitive from justice. (*People* v. *Martin,* 357 Ill. 109; *People* v. *Munie,* 354 id. 490; *Lacondra* v. *Hermann, supra.*) Apart from the papers presented to the Governor of this State, there was testimony upon the trial that Buxton was present in California a short time before the alleged crime was committed. He and his wife were at an apartment building in Los Angeles. After the crime was committed Buxton's wife was still there, but some time thereafter Buxton was taken into custody in this State. The obtaining of the photograph from the woman whom the witness charged, in Buxton's presence, was the latter's wife, was inconsistent with the relator's testimony that the picture was not taken until April, 1935. Buxton's denial that he was in California at the time the crime was committed is not corroborated by testimony or circumstances. The trial court had a right to take into consideration the *prima facie* case made by the requisition papers' and the Governor's warrant. The trial judge saw and heard the witnesses, considered the discrepancies in the evidence relating to the picture, and apparently did not believe the relator's testimony that he was not in California on or about January 9, 1935, in the absence of corroborating testimony and circumstances. Without reference to the three affidavits, the court was justified in holding that the relator did not overcome the *prima facie* showing that he was a fugitive from the justice of the State of California, and was not entitled to be released from custody. (*People* v. *Munie, supra.*) The court will not discharge one arrested under a Governor's warrant where the evidence on the fact of the presence in or absence from the State demanding the prisoner is merely contradictory. *People* v. *Meyering,*

356 Ill. 210; *People* v. *Meyering,* 355 id. 456; *People* v. *Meyering,* 349 id. 198.

The judgment of the circuit court of Randolph county remanding the relator to the sheriff was right, and it is affirmed.

*Judgment affirmed.*