(No. 25350.—
THE PEOPLE *ex rel.* Joseph Chevlin, Plaintiff in Error, *vs.*
THOMAS J. O'BRIEN, Sheriff, Defendant in Error.

*Opinion filed December 15, 1939—Rehearing denied Feb. 8, 1940.*

JULIUS REZNIK, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURT-
NEY, State's Attorney, and A. B. DENNIS, (EDWARD E.
WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, BLAIR
L. VARNES, WALTER L. McCOY, and JAMES V. CUNNING-
HAM, of counsel,) for defendant in error.

Mr. Justice Murphy delivered the opinion of the court:

Relator, Joseph Chevlin, *alias* Joe Miller, was arrested by the sheriff of Cook county on a rendition warrant issued by the Governer of this State on the requisition of the Governor of the State of New York. A *habeas corpus* hearing was held in the criminal court of Cook county and relator was remanded to the custody of the sheriff, to be delivered to the agent of the State of New York. This writ of error is prosecuted to reverse that judgment.

The only points urged in this court are (a) that relator is not a fugitive from justice—*i.e.*, he was not present in the demanding State at or about the time of the alleged commission of the crime; (b) that he is not identified as the person named in the indictment.

The indictment charged that forgery and grand larceny were committed on or about October 7, 16, and 27, 1933, in Erie county in the State of New York. The requisition warrant states that Joseph Chevlin, *alias* Joe Miller, assisted in committing the crimes charged and that he has taken refuge in the State of Illinois. In addition to the requisition warrant, there were presented to the Governor various affidavits, three of which stated facts which definitely identified relator as the person named in the indictment and conclusively showed that he was present in Erie county, in the State of New York, in October, 1933. One of the affidavits was by an accomplice, who stated that the relator participated in the commission of the crime. At the *habeas corpus* hearing, the respondent, to establish his case in chief, placed in evidence the warrant issued by the Governor of this State, the requisition warrant and all the accompanying papers, including the three affidavits. Relator objected to the introduction of the affidavits and here urges they were not admissible in evidence and that, without them, there is not sufficient evidence to sustain the finding of the criminal court that relator is a fugitive from justice.

The duty of determining whether relator was a fugitive from justice rested, in the first instance, upon the Governor of this State. (*People* v. *Jeremiah,* 364 Ill. 274.) He was under no obligation to demand proof outside that contained in the properly authenticated requisition papers presented to him. (*People* v. *Toman,* 362 Ill. 232.) In determining that fact, he was not limited to those papers expressly required to be authenticated by the statute but he could consider any mode of proof which reasonably tended to establish the fact that relator was or was not a fugitive from justice. (*Munsey* v. *Clough,* 196 U. S. 364.) The Federal statute does not prescribe the character of such proof, (*Ex parte Reggel,* 114 U. S. 642,) but the evidence is sufficient if it is satisfactory to the Governor. (*People* v. *Meyering,* 345 Ill. 598; *People* v. *Jeremiah, supra; Roberts* v. *Reilly,* 116 U. S. 80.) Strict common law evidence is not necessary. *People* v. *Toman, supra.*

The rendition warrant was *prima facie* evidence that the relator was a fugitive from justice. (*People* v. *Munie,* 354 Ill. 490; *People* v. *Meyering,* 349 id. 198; *Lacondra* v. *Hermann,* 343 id. 608.) Respondent's return pleaded the rendition warrant and the relator traversed the plea. A question of fact was thereby presented, whether or not the relator was a fugitive from the justice of the demanding State, as is stated in the rendition warrant. Under the law it was only necessary to produce enough evidence before the Governor of Illinois to satisfy him that the relator was a fugitive from the justice of New York. His issuance of the warrant is an expression of his satisfaction. That the governor of Illinois is satisfied the relator is such fugitive, constitutes a *prima facie* case against relator in the *habeas corpus* hearing. It was proper to admit in evidence on the *habeas corpus* hearing all the papers, including the affidavits, which were before the Governor when he issued the warrant. (*People* v. *Jeremiah, supra.*) The purpose of the admission is to establish upon what the Governor of Illinois found a *prima facie* case against relator.

It was stipulated that the relator would, if called as a witness, testify that he was a resident of Chicago during the entire year of 1933 and resided at the Croydon Hotel, occupying room No. 929, and lived there continuously from the first of September to November 28, and that he was not away from Chicago during that year. It was also stipulated that Louis Kahn would, if called as a witness, testify that relator was in his employ the entire year of 1933. Relator unsuccessfully tried to offer in evidence account sheets of the Croydon Hotel showing relator was charged thereon for room No. 929 from September 27 to November 28.

In rebuttal, respondent introduced the testimony of two police officers. Each testified to a conversation he had with relator, in which the latter admitted being in Buffalo, New York, in 1933. The evidence introduced by the relator was in reference to his residence and did not establish definitely that he was at his place of residence on or about the time of the alleged commission of the offense. The evidence was conflicting and it is a well-established rule that the court will not discharge one arrested under a Governor's warrant where the evidence on the subject of the presence in or absence from the State is merely contradictory, as *habeas corpus* is not the proper proceeding in which to try the question of alibi or any question as to the guilt or innocence of the accused. (*Lacondra* v. *Hermann, supra; Munsey* v. *Clough, supra.*) In considering the degree of proof required, the court, in *State of South Carolina* v. *Bailey,* 289 U. S. 412, said: "He should not have been released unless it appeared beyond reasonable doubt that he was without the State of South Carolina [the demanding State] when the alleged offense was committed."

The judgment of the criminal court of Cook county is correct, and is affirmed.  *Judgment affirmed.*