(No. 25838.—<span style="background:black">      </span>

THE PEOPLE *ex rel.* Ernest Sansone, Appellant, *vs.* THOMAS J. O'BRIEN, Sheriff, Appellee.

*Opinion filed February 14, 1941—Rehearing denied April 8, 1941.*

ANDALMAN & ANDALMAN, (MAXWELL N. ANDALMAN, of counsel,) for appellant.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JAMES V. CUNNINGHAM, and WALTER L. McCOY, of counsel,) for appellee.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Appellant, Ernest Sansone, filed a petition for *habeas corpus* in the criminal court of Cook county praying to be

discharged from restraint by Thomas J. O'Brien, sheriff of Cook county, under a warrant issued by the Governor of the State of Illinois ordering that he be delivered to the State of Wisconsin for trial of an offense alleged to have been committed in that State. Respondent made return that appellant was taken into custody by authority of the Governor's warrant issued at the request of the Governor of Wisconsin; that appellant was a fugitive from justice, and stands charged with a crime in said State, and prays that the writ be quashed and appellant remanded to respondent's custody to be delivered to a messenger of Wisconsin. Upon trial the court ordered the petition dismissed, the writ quashed and appellant remanded.

The regularity of the requisition proceedings is not questioned. The only issue is whether appellant was physically present in the demanding State on September 24, 1939, the date the crime is alleged to have been committed.

In a *habeas corpus* proceeding to determine the lawfulness of the arrest of an alleged fugitive from justice, if there is any competent evidence that the prisoner was in the demanding State when the crime was committed he is not entitled to be discharged upon *habeas corpus,* even though the evidence upon that subject is conflicting, as it is not the province of the court, in such a case, to try the question of innocence or guilt of the relator. *People* v. *Meyering,* 349 Ill. 198; *People* v. *O'Brien,* 372 id. 640; *South Carolina* v. *Bailey,* 289 U. S. 412, 77 L. ed. 1292.

In the present case two witnesses positively identified appellant as being present in the State of Wisconsin at the time and place when the crime was committed, and two other witnesses testified that, in their best judgment, he was the man they saw commit the offense charged. It is true that three other witnesses testified positively that he was in Chicago on the day in question, but under the rule announced in the cases above mentioned it is not the province of the courts of the State upon which the demand is

made to try the truth of that issue, but only to determine whether there was competent evidence he was in the demanding State. Such evidence appears in this record, and under the law it was the duty of the court to quash the writ of *habeas corpus*.

Counsel for the defense has urged that a fraud was committed upon the authorities of this State by the Wisconsin authorities because the person who made the affidavit of the commission of the crime was not as certain, at the time of the trial, of the identity of appellant, as he was at the time he made the complaint, which was the basis of extradition proceedings. No authority is referred to which would give us power to determine the legality of the proceedings upon which the Governor of Wisconsin made his demand upon the Governor of this State for the extradition of appellant, nor is there any such authority given by the extradition statutes of the United States. We know of no principle of law upon which such an issue could be formed. That is a matter wholly for the courts of Wisconsin.

Objection is also made to the competency of the trial court upon what is designated as a "star chamber proceeding." It seems that rumors had come to the court of efforts being made to sway the testimony of witnesses in the cause, and it called for examination one Lynch, who admitted that he and one of the witnesses went out to see a man who praised Sansone, and urged upon the witnesses that they must be mistaken. This witness did not know anything about bribe money, but he had heard rumors of it. The court thereupon continued the matter for ten days, and then heard the balance of the testimony and rendered judgment in the case. There was no impropriety upon the part of the court in having an investigation made as to whether there had been tampering with witnesses, and its action, instead of being subject to criticism, is to be commended.

In making its decision the court based it entirely upon the two witnesses who were positive in their identification of appellant, although, in our opinion, it would have been justified in considering the testimony of the other two witnesses, whose testimony was not as positive on the trial as set forth in the affidavit upon which requisition papers were issued.

The only issue submitted by the petition for *habeas corpus* is the question of whether appellant was in the State of Wisconsin upon the date the crime was committed. There is positive testimony that he was. The other issues raised by counsel are immaterial, and have no place in this case.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*