(No. 26614.—

THE PEOPLE *ex rel.* Harry Cassleman, Appellant, *vs.* THOMAS J. O'BRIEN, Sheriff, Appellee.

*Opinion filed September 21, 1942.*

JOSEPH LUSTFIELD, for appellant.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, WALTER L. McCOY, and JAMES V. CUNNINGHAM, of counsel,) for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

Harry Cassleman, plaintiff in error, was arrested as a fugitive from justice by authority of a Governor's warrant issued upon the demand of the Governor of California. He was taken in custody by Thomas J. O'Brien, sheriff of Cook county, and, seeking release from such detention, Cassleman filed a petition in the criminal court of Cook county for a writ of *habeas corpus.*

A hearing was had upon the petition and the sheriff's answer thereto, and, at the completion thereof, the court entered an order quashing the writ theretofore issued and remanding the relator, Cassleman, to the custody of the respondent, the sheriff of Cook county. The relator prosecutes this writ of error.

The warrant of the Governor of Illinois, introduced in evidence, discloses that the relator was charged with the crime of making, drawing or passing a worthless check in "violation of section 476a penal code of California" on the fourteenth day of January, 1941, in the county of San

Francisco, in the State of California, an offense which the Governor of California certifies to be a crime under the laws of said State.

The indictment charged that the relator on January 14, 1941, issued a check in the amount of $691.50, payable to the Mercantile Acceptance Corporation, being drawn upon the Bank of America, National Trust & Savings Association, San Francisco, California, the said relator knowing at the time of the making of said check and delivery of the same that he had not sufficient funds or credit with said bank for the payment of money to meet such check. The check was returned to the payee marked "Not sufficient funds."

Plaintiff in error, Cassleman, the relator in this case, announces in his brief that he relies upon two points for reversal of the judgment against him: (1) that the relator was not substantially charged with a crime against the laws of the State of California, and (2) that the requisition was not made in good faith, but was for some ulterior purpose than the punishment for crime. For all practical purposes his argument is merged into and devoted to the latter contention.

At the hearing on his petition, the relator introduced testimony of his reputation for honesty and veracity in the city of Chicago. He was sworn and testified in detail as to his business dealings with the finance company which made the complaint. This evidence showed that he had been in the used car business in San Francisco since the year 1937; that he had met with considerable misfortune and ceased operations in January, 1941, and moved to Chicago. He outlined the course of business methods employed over a number of years by himself and the Mercantile Acceptance Corporation, to whom the worthless check had been issued, and that the issuance of the check dated January 14, 1941, was in entire accord with such

course of conduct. He claimed that he was entitled to some credit from a certain fund known as "withhold for reserve" money on contracts financed with said company. He stated an elaborate practice of financing had been carried on between himself and the company whereby he would issue a check to the finance company, obtain title to the automobile from them, make sale of the car to a third party, and when the third party would finance the automobile, he would deliver the finance papers to the company. They would then issue him a check for that contract, which he would deposit in his bank account and then the finance company would cash the check which he had originally given them. In the instant case, he testified that he gave them the check and got title to an automobile which he sold to a third party for $200 in money and an old car which he took in on the trade. He further stated that when the check was returned to the company unpaid, he turned over his entire business and chattel property in satisfaction of the said check. The indictment was returned against Cassleman in October, 1941. It is insisted by relator that the above facts show there was an ulterior motive for the arrest and indictment of Cassleman.

The requisition from the Governor of California, and its supporting affidavits, show that plaintiff in error is duly charged with a crime by way of an indictment of a grand jury in that State; that the offense with which he is charged is a crime under the laws of the State of California; that the requisition is made in good faith for the purpose of prosecuting the relator for the criminal offense charged and for no other purpose.

Under the circumstances, the indictment appearing to be in substantial conformity with the laws of the State in which it was returned, its sufficiency, as a matter of technical pleading, will not be inquired into on an application for a writ of *habeas corpus* to determine the legality of the

detention of the alleged fugitive from justice. (*People ex rel. Kahn* v. *Meyering,* 348 Ill. 486.) The cases cited by relator in his brief showing the distinction made by our courts between a prosecution for confidence game and one for obtaining money under false pretenses do not in any manner vary this rule.

The testimony introduced by relator as to ulterior motive cannot be considered because while it might be used in a trial of the indictment on its merits, this court in *People ex rel. Carr* v. *Murray,* 357 Ill. 326, held that specification 5 of section 2 of the Fugitives from Justice act, chapter 60, Illinois Revised Statutes, is in conflict with the intent and meaning of the constitution of the United States, article IV, section 2, and is therefore void. It was also stated in the *Murray case* that there can be no occasion to multiply citations to the effect that the question of guilt or innocence of the petitioner is not before us in this kind of a proceeding. *People ex rel. Wortman* v. *Munie,* 354 Ill. 490.

In this case the plaintiff in error does not deny that he issued the check in question, nor that he was the person named in the requisition and warrant. In his oral testimony he admitted that he had been in the State of California at the time the crime was alleged to have been committed and that he left the said State shortly thereafter. There appears to be no defect in the requisition and the papers included therein and therewith, and the Governor of the demanding State has certified the extradition papers as being duly authenticated. The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*