(No. 28404.—

THE PEOPLE *ex rel.* Robert Flowers, Jr., Appellant, *vs.* GEORGE GRUENEWALD, Sheriff, *et al.,* Appellees.

*Opinion filed March 21, 1945.*

RAYMOND B. HENDRICKS, and ROBERT RUTLEDGE, both of East St. Louis, for appellant.

GEORGE F. BARRETT, Attorney General, and LOUIS P. ZERWECK, State's Attorney, of Belleville, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

Relator was arrested as a fugitive from justice on the authority of a Governor's warrant, issued upon the demand of the Governor of Alabama. Alleging that his detention by the sheriff of St. Clair County was illegal, his attorney filed a petition in the circuit court of that county for a

writ of *habeas corpus* as authorized by section 2 of the statute relating to fugitives from justice. (Ill. Rev. Stat. 1943, chap. 60, par. 2.) A hearing upon the petition and the sheriff's return, and evidence introduced, resulted in the dismissal of the petition. Relator was remanded to the custody of the sheriff of St. Clair county. To obtain a reversal of the judgment against him, relator has brought the record to this court by appeal.

The errors assigned and relied upon for reversal are as follows: (1) The recitals in the Governor's warrant do not substantially charge a crime against the State of Alabama. (2) The Governor's warrant is insufficient in law. (3) The court erred in refusing relator's demand that the requisition papers and indictment be produced in evidence. His principal contention is that the warrant is insufficient because it recites that relator was charged by the indictment, an authenticated copy of which was presented to the Governor, with the crime of "assault to murder." It is argued that there is no such crime under the laws of Alabama, and, hence, that relator was not substantially charged with a crime against the laws of Alabama. He cites a statute of that State defining the crime of "assault with intent to murder." It is contended that the crime of "assault to murder," recited in the warrant, is not the crime of assault with intent to murder, defined in said statute.

The right to extradite persons charged with the commission of crimes is controlled by the Federal constitution and statutes. The rule has been repeatedly announced that upon receipt of a requisition the Governor of the asylum State has two questions to pass upon: (1) Is the person demanded substantially charged with a crime against the laws of the demanding State by an indictment or affidavit? (2) Is he a fugitive from the justice of that State? The first of these questions is one of law and the second is one of fact. (*People ex rel. Carr* v. *Murray,* 357 Ill. 326; *Munsey* v. *Clough,* 196 U. S. 364, 49 L. ed. 515.) All that

is necessary to be shown to the Governor of the asylum State is that the accused is substantially charged with a crime against the laws of the demanding State by an indictment or affidavit before a magistrate, certified as authentic by the Governor of the demanding State, and that the person demanded is a fugitive from the justice of that State. (*People ex rel. Buxton* v. *Jeremiah,* 364 Ill. 274.) Where the requisition signed by the Governor of the demanding State is not in the record and the recitals in the warrant issued by the Governor of this State are not contradicted by evidence, such recitals must be accepted as true. *People ex rel. Buxton* v. *Jeremiah,* 364 Ill. 274.

The rule is well settled that in *habeas corpus* proceedings under the Fugitives From Justice Act, the Governor's warrant for the arrest of a person as a fugitive makes a *prima facie* case and the burden is on the prisoner to prove that he is entitled to discharge. *People ex rel. Mortensen* v. *O'Brien,* 371 Ill. 351; *People ex rel. Parkinson* v. *Martin,* 357 Ill. 109.

Here, the Governor's warrant recites that there was presented to him a copy of an indictment certified as authentic by the Governor of Alabama, charging relator with the "crime of assault to murder," which the Governor of Alabama certified was a crime under the laws of that State. It will thus be noted that it appears from the Governor's warrant that relator is charged with a crime against the laws of the demanding State by an indictment. This is sufficient to make out a *prima facie* case showing that the issuance of the warrant by the Governor of this State was legal and justified, and that the detention of relator, on authority of that warrant, by the sheriff, was legal. (*People ex rel. Stevens* v. *Meyering,* 349 Ill. 198.) It has been frequently stated that the technical sufficiency of an indictment or information is not subject to consideration in a *habeas corpus* proceeding. *People ex rel. Downer* v. *O'Brien,* 373 Ill. 383; *People ex rel. Biggs* v. *Nash,* 366

Ill. 186; *People ex rel. Lyman* v. *Smith,* 352 Ill. 496; *Munsey* v. *Clough,* 196 U. S. 364, 49 L. ed. 515.

There is here no showing that the recitals in the warrant are not true. In the absence of such showing, these recitals must be taken as true. Such recitals make a *prima facie* case that the warrant was legally issued by the Governor. (*People ex rel. Lejcar* v. *Meyering,* 345 Ill. 449.) The burden was on the relator to overcome the *prima facie* case made by the recitals contained in the Governor's warrant. In order to be discharged on *habeas corpus,* it is imperative that the prisoner produce evidence to overcome the *prima facie* case, and, failing to do so, he is not entitled to discharge. *People ex rel. Mack* v. *Meyering,* 355 Ill. 456.

The recital in the warrant that a copy of an indictment had been presented to the Governor of this State, authenticated by the Governor of the State of Alabama, and that the Governor of the demanding State had certified that the indictment charged a crime against the laws of the demanding State, was *prima facie* sufficient to authorize the issuance of the rendition warrant. If relator desired to controvert these recitals in the warrant, the burden was on him to produce evidence disproving them. He could not, however, challenge the sufficiency of the indictment under the laws of Alabama. It is within the power of each State to declare, within constitutional limitations, what shall constitute offenses against her laws. The Federal statute relating to fugitives from justice is broad and comprehensive enough to include every offense against the laws of the demanding State. Each State has the right to establish the forms of pleading and process to be observed in her own courts in both civil and criminal cases. It is according to the laws of Alabama, the State whose laws are alleged to have been violated, that the indictment must be construed and not by the technical rules of criminal pleading at common law, or by the statutes of Illinois. In all cases the technical sufficiency of the indictment must be

determined by the courts of the demanding State and not on *habeas corpus* proceedings in the courts of this State. (*People ex rel. Kahn* v. *Meyering,* 348 Ill. 486.) In this case no evidence was offered to overcome the *prima facie* case arising from the recitals contained in the Governor's warrant.

One of the errors assigned here is the refusal, by the trial court, of relator's demand that the respondent be required to produce the requisition papers and the authenticated copy of the indictment, and other papers presented to the Governor of this State. Presumably, this demand was based upon the assumption that the indictment did not charge an offense under the laws of Alabama. As already observed, the burden was on the relator to overcome the *prima facie* case made by the issuance of the Governor's warrant. If the indictment and other papers submitted to the Governor were insufficient to support the facts found by him, and as recited and set forth in the Governor's warrant, the burden was on the relator to make such showing. These papers were not in the possession or under the control of respondent. They were public records of the Governor's office, authenticated copies of which were admissible in evidence and were available to anyone. (Ill. Rev. Stat. 1943, chap. 124, par. 7.) The court did not err in refusing to require respondent to produce those papers.

There being no evidence in the record to challenge or overcome the *prima facie* case made by the issuance of the Governor's warrant, relator was not entitled to be discharged.

The judgment of the circuit court of St. Clair county, dismissing the petition for writ of *habeas corpus* and remanding the relator to the custody of respondent to be delivered to the agents of the State of Alabama, designated in the warrant issued by the Governor of Illinois, is affirmed.                          *Judgment affirmed.*