(No. 30661.—)

THE PEOPLE *ex rel.* David M. McGee, Appellant, *vs.*
ADOLPH FISCHER, Sheriff, Appellee.

*Opinion filed September 24, 1948.*

JONES, OTTESEN & FLEMING, of Belleville, for appellant.

GEORGE F. BARRETT, Attorney General, of Springfield, (LOUIS P. ZERWECK, State's Attorney, of Belleville, of counsel,) for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Appellant, David M. McGee, was arrested in St. Clair County on an extradition warrant issued by the Governor of the State of Illinois upon requisition from the Governor of the State of California. He was taken before the circuit court of St. Clair County and there filed his petition for

writ of *habeas corpus* praying that he be discharged and released from custody. After hearing, his petition was dismissed and he was remanded to the custody of the sheriff of St. Clair County for delivery to the agent of the Governor of the State of California. He brings the case here for review.

On January 28, 1948, the Governor of the State of California made requisition upon the Governor of the State of Illinois for the arrest and return of appellant to California, in and by which requisition it was recited that appellant stands charged with the crime of theft committed in the county of Placer, California. The requisition as originally drawn stated that he was charged with "Violation of Section 484 of the Penal Code," the quoted words having been typed into the printed form. A line was drawn through these words and the word "Theft" was written above them in longhand. The record does not show when nor by whom the change was made. The requisition, with reference to the charge against appellant, in final form reads "stands charged with the crime of Theft."

Appellant takes the position that he was not substantially charged with a crime against the laws of the demanding State because of the striking out of the words as above indicated and the insertion of the word "Theft" in lieu thereof by some unknown person, and therefore the warrant issued by the Governor of Illinois reciting that he is charged with the crime of theft was not authorized and was not in accordance with the request and the supporting papers presented to the Governor of Illinois by the Governor of California. Errors assigned by appellant are that the warrant issued by the Governor of Illinois charges him with the crime of theft and does not correspond to the warrant and requisition issued by the Governor of California which he says charges him with the violation of section 484 of the Penal Code. He also assigns as error that the war-

rant of the Governor of Illinois is insufficient in law and that the court erred in finding said warrant was legally issued and was in legal form and in refusing to order his release.

In his requisition the Governor of California certified that the application for requisition, the copies of complaint and supporting papers were authentic and duly authenticated in accordance with the laws of the State of California; that under the laws of California David M. McGee stands charged with the crime of theft committed in Placer County.

Section 484 of the Penal Code of California provides: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor, or real or personal property, or who causes or procures others to report falsely of his wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money or property or obtains the labor or service of another, is guilty of theft." Section 487 of said Penal Code provides in pertinent part that when the property taken exceeds $200 in value the offense is grand theft and section 489 of said Penal Code fixes the punishment for grand theft at imprisonment in the State prison.

The complaint filed against appellant in Placer County, California, says in substance that on or about the 14th day of June, 1947, he violated section 484 of the Penal Code by knowingly and fraudulently representing and pretending that he was the owner of certain real estate and personal property of the value of $4000, and through his deceit in representing himself to be such owner James F. McAnally and Marion Marie McAnally, believing his false

pretense and representation, were induced to pay and did pay to him said sum of $4000 therefor and that he did not own said property but owned only an undivided one-half interest therein. The identity of the appellant and the fact that he was present in the State of California when the alleged crime was committed are admitted.

The commission of a theft is a crime under the laws of California. One who violates the provisions of said section 484 of the Penal Code of California is guilty of theft. Whether appellant was charged with the crime of theft or with the violation of section 484, he would, in either case, be substantially charged with violating the same criminal law of California.

Upon receipt of a requisition for the return of an alleged fugitive from justice, the Governor of an asylum State has two questions to pass upon: (1) Is the person demanded substantially charged with a crime against the laws of the demanding State by an indictment or affidavit? (2) Is he a fugitive from justice of that State? The first of these questions is one of law and the second is one of fact. (*People ex rel. Willis* v. *Mulcahy,* 392 Ill. 411; *People ex rel. Flowers* v. *Gruenewald,* 390 Ill. 79.) All that is necessary to be shown to the Governor of the asylum State is that the accused is substantially charged with a crime against the laws of the demanding State by indictment or affidavit before a magistrate, certified as authentic by the Governor of the demanding State and that the person demanded is a fugitive from the justice of that State. *People ex rel. Buxton* v. *Jeremiah,* 364 Ill. 274.

Here the Illinois Governor's warrant recites that there was presented to him a copy of the complaint and supporting papers certified as authentic by the Governor of California charging appellant with the crime of theft which the Governor of California certified was a crime under the laws of that State. It can readily be seen from the Governor's warrant that the appellant is charged with a crime

against the laws of the demanding State. We said, in *People ex rel. Gudotti* v. *Bell,* 372 Ill. 572: "It is not for the judicial branch of government to interfere with a considered order of the executive, unless that order be so palpably and conclusively shown to be wrong as to warrant an inference of fraud or inadvertence." We find no such inference here.

The responsibility of determining whether one is a fugitive from justice rests with the Governor issuing the extradition warrant, and as the character of the evidence is not prescribed by statute it need only be satisfactory to the Governor (*People ex rel. Chevlin* v. *O'Brien,* 372 Ill. 640,) and the warrant may issue if it appears that the accused is substantially charged with a crime against the laws of the demanding State by an indictment or affidavit before a magistrate, certified as authentic, and that the person demanded is a fugitive from justice. *People* v. *Jeremiah,* 364 Ill. 274.

Appellant offered to prove certain facts regarding the transaction which was the basis of the charge against him. That evidence related to the merits of the case and was in defense of the charge. The court properly refused to receive such evidence. In a *habeas corpus* proceeding to determine the lawfulness of the arrest of an alleged fugitive from justice, the question of the guilt or innocence of the accuser is not involved, and in such proceeding the burden is on the petitioner to prove he is not a fugitive from justice. *People* v. *Jeremiah,* 364 Ill. 274; *People ex rel. Parkinson* v. *Martin,* 357 Ill. 109; *People ex rel. Wortman* v. *Munie,* 354 Ill. 490.

The errors assigned by appellant are without merit. The judgment of the circuit court of St. Clair County in dismissing the writ and remanding relator to the sheriff of St. Clair County for delivery to the agent of the Governor of California was right and is affirmed.

*Judgment affirmed.*