(No. 31116.—

THE PEOPLE *ex rel.* N. Eveland, Appellant, *vs.* DALLAS T. HARRELL, Sheriff, *et al.,* Appellees.

*Opinion filed September 22, 1949.*

HARRY FAULKNER, of Granite City, for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, and A. AUSTIN LEWIS, State's Attorney, of Granite City, (HARRY L. PATE, of Tuscola, of counsel,) for appellees.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Pursuant to a requisition for the rendition of appellant as a fugitive from justice made by the Governor of the State of Missouri, an extradition warrant for his arrest and detention was issued by the Governor of the State of Illinois. Appellant was arrested by the sheriff of Madison County and taken before the circuit court where he was permitted to file a petition for writ of *habeas corpus,* as provided by law. The sheriff's return to the writ showed that appellant was being held in custody by virtue of the Governor's warrant. After a hearing before the court, the writ was quashed. A direct appeal was perfected to this court.

Appellant urges as grounds for reversal that the affidavit charging the commission of the crime is insufficient in law upon which to base a requisition for a warrant of extradition under the act of Congress and that the instant requisition issued in Missouri upon the original insufficient affidavit or complaint is a nullity. He argues that the record does not show that the Governor of the State of Missouri had produced and laid before the Governor of the State

of Illinois a copy of an affidavit, certified as authentic by the said Governor of Missouri and duly authenticated. He says that the only document signed by the Governor of Missouri is an instrument appointing an agent and that there is no certification of any affidavit. It is also claimed that appellant was not in the State of Missouri when the alleged crime was committed.

The warrant issued by the Governor of Illinois was introduced in evidence with certain other papers but the requisition signed by the Governor of Missouri does not appear in the record nor does the record show that the papers introduced were all of the supporting papers laid before the Governor of Illinois by the Governor of the demanding State.

Our Fugitive from Justice Act (Ill. Rev. Stat. 1947, chap. 60, par. 1,) provides in substance that whenever the executive of any other State shall demand of the executive of this State any person as a fugitive from justice, and shall have complied with the requisitions of the act of Congress in that case made and provided, it shall be the duty of the executive of this State to issue his warrant, etc. The said act of Congress (18 U.S.C.A. sec. 662,) provides: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, it shall be the duty of the executive authority of the State or Territory to which such person has fled to cause him to be arrested," etc.

The responsibility of determining whether one is a fugitive from justice rests with the Governor issuing an

extradition warrant, and as the character of the evidence is not prescribed by statute, it need only be satisfactory to the Governor, and the warrant may be issued if it appears that the accused is substantially charged with a crime against the laws of the demanding State by an indictment or affidavit before a magistrate, certified as authentic, and that the person demanded is a fugitive from justice. *People ex rel. Chevlin* v. *O'Brien,* 372 Ill. 640; *People ex rel. Buxton* v. *Jeremiah,* 364 Ill. 274; *People ex rel. Mark* v. *Toman,* 362 Ill. 232.

The character of the evidence adduced to authorize the executive to grant a requisition is not a matter of particular concern since not prescribed by the Federal statute, and it need only be satisfactory to the Governor. *People ex rel. Buxton* v. *Jeremiah,* 364 Ill. 274.

It is not for the judicial branch of the government to interfere with a considered order of the executive, unless that order be so palpably and conclusively shown to be wrong as to warrant an inference of fraud or inadvertence. (*People ex rel. Guidotti* v. *Bell,* 372 Ill. 572.) As heretofore stated, the requisition filed by the Governor of the State of Missouri, upon which the Governor of the State of Illinois issued his warrant of extradition, does not appear in the record of the case. The warrant issued by the Governor of Illinois was properly admitted in evidence. From the recitals of such warrant, it appears that the Governor of the State of Missouri did certify as authentic a copy of an affidavit charging appellant with having committed the offense of burglary and larceny, a crime under the laws of that State.

Where the requisition signed by the Governor of the demanding State is not in the record and the recitals in the warrant issued by the Governor of this State are not contradicted by evidence, such recitals must be accepted as true. The recitals contained in the Governor's warrant

were sufficient to make out a *prima facie* case showing that the detention of the appellant by the sheriff on the authority of that warrant was legal. (*People ex rel. Flowers* v. *Gruenewald,* 390 Ill. 79; *People ex rel. Stevens* v. *Meyering,* 349 Ill. 198.) The burden was on appellant to rebut the *prima facie* case made by the issuance of the Governor's warrant. *People ex rel. Willis* v. *Mulcahy,* 392 Ill. 411; *People ex rel. Buxton* v. *Jeremiah,* 364 Ill. 274.

Appellant confined his efforts to overcome the *prima facie* case to attacking the affidavit for complaint, and the State warrant. He charges that these instruments were not certified by the Governor of the demanding State and were, therefore, not sufficient to justify the detention of appellant as a fugitive from justice. It is obvious from an examination of the record that the instruments complained of as being insufficient were merely incorporated as a part of the petition for requisition, directed to the Governor of the demanding State. The actual requisition, signed by the Governor of that State in response to the petition for requisition was not offered in evidence nor is it shown that the record contains all of the supporting papers which accompanied the petition for requisition.

Whether or not the person demanded is substantially charged with crime against the laws of the demanding State by indictment or affidavit before a magistrate is a question of law, the determination of which must be made from the requisition and the accompanying or attached papers. (*People ex rel. Carr* v. *Murray,* 357 Ill. 326; *Compton* v. *Alabama,* 214 U.S. 1.) In the *Compton case* the sufficiency of the affidavit which accompanied the requisition for rendition of a fugitive from justice was challenged because it was not made before a proper officer. The court there said: "When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective states concerned as a sufficient

basis, in law, for their acting,—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive,—the judiciary should not interefere, on *habeas corpus,* and discharge the accused upon technical grounds, and unless it be clear that what was done was in plain contravention of law."

In all cases the technical sufficiency of the indictment or affidavit must be determined by the courts of the demanding State and not on *habeas corpus* proceedings in the courts of this State. (*People* v. *Gruenewald,* 390 Ill. 79; *People ex rel. Kahn* v. *Meyering,* 348 Ill. 486.) If the requisition, or any document accompanying it, was insufficient to support the facts recited in the Governor's extradition warrant, the burden was on the appellant to make such a showing. Such papers were public records of the Governor's office, authenticated copies of which were available to appellant, and admissible in evidence for such purpose. *People* v. *Gruenewald,* 390 Ill. 79.

There being no evidence in the record to overcome the *prima facie* case made by the issuance of the Governor's warrant, appellant was not entitled to be discharged.

The evidence as to whether or not appellant was in or absent from the demanding State when the alleged crime was committed is contradictory. This court will not discharge one arrested under a Governor's warrant where the evidence on the fact of the presence in or absence from the State demanding the person is merely contradictory. *People ex rel. Downer* v. *O'Brien,* 373 Ill. 383; *People ex rel. Buxton* v. *Jeremiah,* 364 Ill. 274; *People ex rel. McCline* v. *Meyering,* 356 Ill. 210.

The judgment of the circuit court of Madison County quashing the writ of *habeas corpus* and remanding the appellant to the custody of respondent, to be delivered to the agent of the State of Missouri, is affirmed.

*Judgment affirmed.*