(No. 21123.—

THE PEOPLE *ex rel.* Charles F. Randolph, Plaintiff in Error, *vs.* WILLIAM D. MEYERING, Sheriff, Defendant in Error.

*Opinion filed February 19, 1932—Rehearing denied April 12, 1932.*

WILEY W. MILLS, NED SILVERMAN, and IRVING GOODMAN, for plaintiff in error.

18

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, GRENVILLE BEARDSLEY, and EUCLID L. TAYLOR, of counsel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Charles F. Randolph filed his petition in the criminal court of Cook county alleging that he was detained and imprisoned by William D. Meyering, sheriff of that county, on a charge of being a fugitive from the justice of the State of Iowa, by virtue of an extradition warrant issued by the Governor of Illinois on September 10, 1931, alleging a demand by the Governor of Iowa for the arrest of the relator as a fugitive from the justice of the State of Iowa, and an indictment and warrant charging relator with child desertion in the county of Polk, Iowa, on or about the first day of January, 1923. The petition prayed for a writ of *habeas corpus* and that he might be discharged. The return of Meyering consisted solely of the original warrant of the Governor of the State of Illinois for the extradition of the relator to the State of Iowa, which recited a demand by the Governor of the State of Iowa for the arrest and delivery of Randolph as a fugitive from the justice of that State, and that there was produced and placed before him a copy of an indictment and warrant, certified to be authentic, "charging the said Charles F. Randolph with having committed, on or about the first day of January, A. D. 1923, in the county of Polk, State of Iowa, the crime of child desertion, which the said Governor certifies to be a crime under the laws of the State of Iowa." Upon a hearing the writ was dismissed and Randolph remanded to the custody of the sheriff of Cook county. The cause is here on writ of error.

Under section 2 of chapter 60 of our statutes which relates to fugitives from justice, one of the defenses that can be made against extradition is that the prisoner is not

a fugitive from the justice of the demanding State—that is, that he was not physically present in the demanding State on or about the date upon which the offense with which he is charged is alleged to have been committed. (*People* v. *Meyering,* 345 Ill. 598; *People* v. *Traeger,* 340 id. 147; *Hyatt* v. *New York,* 188 U. S. 691.) The evidence in the case concededly shows that Randolph had not been within the State of Iowa on January 1, 1923, the date alleged in the indictment when the alleged crime was committed, or within fourteen months prior thereto.

It is contended, however, by the defendant in error that the crime of child desertion is a continuing offense, and the date alleged in the indictment is immaterial so long as the proof shows that the offense was committed within the time covered by the Statute of Limitations. While this is true, the only proof in this case as to the commission, or the time of commission, of any offense is the recital contained in the Governor's warrant, which is taken *prima facie* as true in the absence of proof to the contrary. (*People* v. *Meyering,* 345 Ill. 449.) There being no such proof, for the purpose of this case January 1, 1923, the time alleged in the Governor's warrant as the time of the commission of the alleged offense, must be taken as the time of "the commission of the offense for which the extradition of Randolph was sought."

Under the evidence in this case it must be held that at the time of the filing of his petition for writ of *habeas corpus* Randolph was not a fugitive from justice—*i. e.,* a person who "after committing a crime leaves the State, in whatever way or for whatever reason, and is found in another State." *People* v. *Pease,* 52 U. S. (L. ed.) 121.

The judgment of the criminal court of Cook county is reversed and Charles F. Randolph ordered discharged from the custody of the sheriff of that county.

*Judgment reversed and petitioner discharged.*