(No. 21621.—

THE PEOPLE *ex rel.* Charles L. Gansler, Plaintiff in Error, *vs.* WILLIAM D. MEYERING, Sheriff, Defendant in Error.

*Opinion filed April 22, 1933.*

MICHAEL B. RODERICK, JAMES M. BURKE, and GEORGE M. CRANE, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURT-NEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WIL-SON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The relator, Charles L. Gansler, by a petition filed in the criminal court of Cook county, charged that William D. Meyering, the sheriff of that county, by virtue of a warrant issued by the Governor of this State on the requisition of the Governor of Wisconsin, unlawfully deprived the relator of his liberty. Seeking relief from his detention, the relator's prayer was for the issuance of a writ of *habeas corpus.* The respondent made a return to the writ, and to the return the relator filed a traverse. Upon a hearing, the petition was dismissed and the relator was remanded to the respondent's custody. The relator prosecutes this writ of error.

The allegations of the petition are that on July 29, 1932, the relator, a resident of the city of Chicago, was arrested on a warrant issued by the municipal court of Chicago, and taken into custody; that a hearing upon the charge was postponed until August 24, 1932, and he was refused copies of the complaint and warrant; that during the pendency of this charge he was notified that on August 11, 1932, before an assistant to the Governor at Springfield, there would be a hearing upon the petition of the Governor of

Wisconsin for the extradition of the relator; that in this petition the relator was charged with the crime of larceny as bailee, on July 29, 1932, in the city of Milwaukee and State of Wisconsin; that the relator attended at the time and place fixed for the hearing, but it was twice postponed and the petition was then transferred to an assistant Attorney General for disposition; that notwithstanding the relator urged the invalidity of the proceeding, the informality of the complaint and requisition and the insufficiency of the evidence, his objections were overruled and the Governor's warrant for his arrest and extradition was issued on August 22, 1932. It is further alleged in the petition that on August 24, 1932, the relator appeared before a judge of the municipal court of Chicago and demanded a trial upon the complaint filed in that court, but that, despite his protest, the cause was dismissed; that thereupon he was taken into custody by the sheriff; that he was not in Wisconsin on or after June 29, 1932, nor guilty of the crime charged and that he was not a fugitive from the justice of that State.

The writ of *habeas corpus* was issued and made returnable forthwith. On the same day the relator asked a postponement of the hearing on his petition to enable him, as stated in an affidavit filed in support of the motion, to prove his right to be discharged from custody. The application was denied and the order for the dismissal of the petition and the remandment of the relator followed.

The plaintiff in error urges eight contentions for a reversal of the judgment. They may, however, be reduced to three:. First, that the court erred in denying his motion for a postponement of the hearing; second, that the Governor had not personally signed the warrant of extradition, and third, that the evidence showed that the plaintiff in error was not a fugitive from the State of Wisconsin.

The motion for a continuance and the supporting affidavit are not preserved in the bill of exceptions and, in

consequence, are not preserved for review. (*People* v. *Alvis,* 342 Ill. 460; *People* v. *Bush,* 300 id. 532.) The abstract of the record fails to disclose facts necessary to establish the second contention. Only the third complaint therefore remains to be considered.

In a *habeas corpus* proceeding for the release of an alleged fugitive from justice who has been arrested on an extradition warrant, the recitals in the Governor's warrant make out a *prima facie* case that the issuance of the warrant was legal and justified and that the detention of the accused by the sheriff under the warrant is legal. (*People* v. *Meyering,* 345 Ill. 449; *Munsey* v. *Clough,* 196 U. S. 364.) Under section 2 of the act entitled "An act to revise the law in relation to fugitives from justice," (Cahill's Stat. 1931, p. 1526; Smith's Stat. 1931, p. 1569) one of the defenses available to a person charged with a crime in another State, when his extradition from this State is sought, is that he "is not a fugitive from the justice of the demanding State, *i. e.,* that he was not physically present in the demanding State on or about the date upon which the offense with which he is charged is alleged to have been committed." *People* v. *Meyering,* 349 Ill. 198; *People* v. *Meyering,* 348 id. 17; *People* v. *Meyering,* 345 id. 598; *People* v. *Pease,* 207 U. S. 100, 109; *Hyatt* v. *Corkran,* 188 id. 691.

The warrant for the arrest and extradition of the plaintiff in error recites that the Governor of Wisconsin laid before the Governor of this State a copy of a complaint, warrant and affidavit, duly authenticated, charging the plaintiff in error with having committed the crime of larceny as bailee on July 29, 1932, in the county of Milwaukee and State of Wisconsin. After considerable discussion between counsel it was finally stipulated. that the plaintiff in error was not present in the State of Wisconsin on or after June 29, 1932. The crime charged is not a continuing offense. Upon the record submitted the only date on which it is

alleged the crime was committed is that recited in the Governor's warrant, namely, July 29, 1932, and in the absence of other evidence that date must be taken as the time of the commission of the crime. (*People* v. *Meyering,* 348 Ill. 17). The stipulation not only covers the twenty-ninth day of July, 1932, but also the month preceding and the period succeeding. It was therefore shown that the plaintiff in error was not within the demanding State when the crime was alleged to have been committed.

The judgment of the criminal court of Cook county is reversed and the plaintiff in error is ordered discharged from the custody of the respondent.

*Judgment reversed and petitioner discharged.*