(No. 28485.—

THE PEOPLE ex rel. Arthur Strobel, Plaintiff in Error, vs. MICHAEL F. MULCAHY, Sheriff, Defendant in Error.

*Opinion filed March 21, 1945—Rehearing denied May 21, 1945.*

234

WM. SCOTT STEWART, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JAMES V. CUNNINGHAM, and JOHN T. GALLAGHER, all of Chicago, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE FULTON delivered the opinion of court:

The relator, Arthur Strobel, was arrested on an extradition warrant for the crime of "neglect to provide for child." He filed his petition for a writ of *habeas corpus* in the criminal court of Cook county. The writ was duly issued and upon hearing was quashed and the relator remanded into the custody of the sheriff of Cook county.

The petition alleged that relator was detained and imprisoned and deprived of his liberty by Michael Mulcahy, sheriff of Cook county, and by one William Strieder, a messenger of the Governor of the State of Ohio, on the charge that on or about May 30, 1943, he committed the crime of "failure to provide." The petition prayed for a writ of *habeas corpus* and for his discharge. The return of the sheriff consisted solely of the original warrant of the Governor of the State of Illinois for the extradition of the relator to the State of Ohio, which recited a demand by the Governor of the State of Ohio for the arrest and delivery of Arthur Strobel as a fugitive from the justice of that State; that the requisition papers are in regular

and legal form and that the relator is substantially charged with a crime against the laws of the State of Ohio.

The cause comes to this court on writ of error. The sole contention of the relator is that he was not in fact a fugitive from justice for the reason that he was not in Ohio at the time the crime is alleged to have been committed. He relies entirely upon the holding of this court in the case of *People ex rel. Randolph* v. *Meyering,* 348 Ill. 17, where it was said: "Under section 2 of chapter 60 of our statutes which relates to fugitives from justice, one of the defenses that can be made against extradition is that the prisoner is not a fugitive from the justice of the demanding State—that is, that he was not physically present in the demanding State on or about the date upon which the offense with which he is charged is alleged to have been committed."

In that case the court gave the following reason for discharging the relator: "Randolph was not a fugitive from justice—*i.e.,* a person who 'after committing a crime leaves the State, in whatever way or for whatever reason, and is found in another State.' *People* v. *Pease,* 52 U. S. (L. ed) 121." The evidence in that case showed that the relator had not been within the demanding State on "the date alleged in the indictment when the alleged crime was committed, or within fourteen months prior thereto."

In the present case, Strobel contends that he was not in the State of Ohio at the time the crime is alleged to have been committed. He testified that he had lived in Cook county, Illinois, since February 18, 1943; that the baby was born on May 31, 1943, and that he was not in the State of Ohio on that date. The indictment alleges the crime was committed on May 30, 1943. In *People ex rel. Mortensen* v. *O'Brien,* 371 Ill. 351, this court held that "the prosecution is not confined to the precise date alleged as the date of the commission of the crime. * * *

When it appears the accused was in the demanding State in the neighborhood of the time alleged it is sufficient for extradition."

In *People ex rel. Thompson,* v. *Lonie,* 374 Ill. 322, it was stated, "the recitals in the rendition warrant of the Governor for the arrest of an alleged fugitive from justice make a *prima facie* case against him, and the burden rests upon him to prove that he is entitled to discharge." *People* v. *Wirz,* 349 Ill. 80.

The testimony of the relator is that he has lived in Cook county, Illinois, since February 18, 1943, and that he was not in the State of Ohio on May 31, 1943. He does not testify that he was not in the State of Ohio on May 30, 1943, or at any other time just prior to or just after May 31. He admitted being in a law office in the State of Ohio, without stating the date, where he signed an agreement to pay money to the mother of the child.

Relator contends that the *Meyering case* in 348 Ill. 17, presents an identical situation to the case at bar, but the proof here comes far from measuring up to the testimony in that case, where the positive evidence showed that relator was not in the demanding State on the date alleged in the indictment when the crime was committed, or within fourteen months prior thereto.

We do not feel that the testimony of relator is sufficient to overcome the *prima facie* case presented by the Governor's warrant and the indictment which charges that he did commit the crime on or about May 30, 1943.

Therefore, the judgment of the criminal court of Cook county remanding relator to the custody of the sheriff of Cook county was correct and it is affirmed.

*Judgment affirmed.*