(No. 28942.—

THE PEOPLE *ex rel.* Charles A. Pusch, Plaintiff in Error, *vs.* MICHAEL F. MULCAHY, Sheriff, *et al.,* Defendants in Error.

*Opinion filed November 21, 1945—Rehearing denied Jan. 17, 1946.*

W. G. ANDERSON, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This writ of error has been sued out to review the judgment of the criminal court of Cook county denying a writ of *habeas corpus* and remanding plaintiff in error to the custody of the agent of the State of California on an extradition warrant. Plaintiff in error urges but one point, that is, that there is no proof in the record to refute his evidence that he was not in the State of California on the date named in the Governor's warrant, to-wit, July 11, 1944.

The Governor's warrant received in evidence recites that plaintiff in error was a fugitive from justice. The warrant, otherwise regularly and duly prepared and authenticated, declares that plaintiff in error was charged with the crime of burglary on July 11, 1944.

Plaintiff in error testified in his own behalf stating that he was in Las Vegas, Nevada, on July 11, 1944, and he insists here that as defendant in error failed to produce any witnesses who testified that they saw him in the State of California on July 11, 1944, his testimony must be taken as conclusive and it was error not to discharge him.

Under the law of this State it is the duty of the Governor of this State to first determine whether plaintiff in error was a fugitive from justice. (*People ex rel. Chevlin v. O'Brien,* 372 Ill. 640; *People ex rel. Buxton v. Jere-*

*miah,* 364 Ill. 274.) In determining that fact, the Governor may consider any proof which reasonably tends to establish either that the petitioner was or was not a fugitive from justice. *Munsey* v. *Clough,* 196 U. S. 364, 49 L. ed. 515; *People ex rel. Stanton* v. *Meyering,* 345 Ill. 598; *Roberts* v. *Reilly,* 116 U. S. 80, 29 L. ed. 544.

The rendition warrant constitutes *prima facie* evidence that relator was a fugitive from justice. (*People* v. *O'Brien,* 372 Ill. 640; *People ex rel. Wortman* v. *Munie,* 354 Ill. 490; *People ex rel. Stevens* v. *Meyering,* 349 Ill. 198.) In this case a question of fact, whether plaintiff in error was a fugitive from justice from California, was raised by the pleadings. The Governor's warrant was his expression of satisfaction that there was sufficient evidence that plaintiff in error was such a fugitive. This constitutes a *prima facie* case against the plaintiff in error in a *habeas corpus* proceeding. It is an established rule of law that one held under a Governor's warrant will not be discharged where the evidence on the hearing on the question of his presence in or absence from the demanding State, is merely contradictory. (*People* v. *O'Brien,* 372 Ill. 640; *Lacondra* v. *Hermann,* 343 Ill. 608; *Munsey* v. *Clough,* 196 U. S. 364, 49 L. ed. 515.) To entitle one to his release on *habeas corpus* it must appear from the evidence, beyond a reasonable doubt, that the relator was without the demanding State when the alleged offense was committed. *State of South Carolina* v. *Bailey,* 289 U. S. 412, 77 L. ed. 1292.

In the case before us there was no proof sufficient to overcome the *prima facie* proof that plaintiff in error was in the State of California on the date charged in the Governor's warrant. It was not error to deny the writ. The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*