(No. 34656.—

THE PEOPLE *ex rel.* Frank Borelli, Appellant, *vs.* JOSEPH D. LOHMAN, Sheriff, *et al.,* Appellees.

*Opinion filed March 20, 1958—Rehearing denied May 23, 1958.*

CHARLES A. BELLOWS, and JASON ERNEST BELLOWS, both of Chicago, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, and JOHN T. GAL-LAGHER, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The relator, Frank Borelli, was arrested upon an extradition warrant issued by the Governor of Illinois on demand of the Governor of New Jersey. A writ of *habeas corpus* was ordered to issue on his petition therefor in the criminal court of Cook County. Upon the subsequent hearing the writ was quashed, and relator was remanded to custody. He appeals, contending that the court unduly restricted his right to cross-examine the witness who testified to his presence in the demanding State at the time of the offense. No question is presented concerning the degree of proof required to avert extradition.

From the extradition papers it appears that relator is under indictment in New Jersey for the crimes of con-

spiracy, manufacturing, possessing and selling narcotics and keeping and maintaining a common nuisance in Bergen County, New Jersey, between October 1, 1950, and February, 1955. The petition of relator alleges he was not in the State of New Jersey at the time of the alleged crimes, and it was stipulated that if called to the stand he would so testify.

At the hearing respondent introduced as an exhibit the Governor's rendition warrant and called as a witness one John E. Jackson, who testified to having seen the relator in New Jersey at various times during the period in question. The relator's attorney, in his cross-examination, sought to attack the credibility of the witness by showing he had been convicted of felonies, that he was under indictment with the relator, that New Jersey authorities were paying his living expenses, and that he had been promised immunity if he would testify against the relator. Objections to all such questions were sustained by the court on the ground that they were immaterial.

We think that the court misapprehended the scope of relator's rights, and improperly foreclosed inquiry into the credibility of the witness. One of the defenses which can be made against extradition is that the prisoner is not a fugitive from justice—that is, that he was not physically present in the demanding State at or about the time the offense with which he is charged is alleged to have been committed. (*People ex rel. Mortensen* v. *O'Brien,* 371 Ill. 351, 354.) In the determination of this issue the requisition papers, with their accompanying affidavits and the Governor's warrant, make a *prima facie* case; and the burden is on the person arrested to overcome it. (*People ex rel. Guidotti* v. *Bell,* 372 Ill. 572.) This burden can be satisfied by producing sufficient evidence to discredit and impair the case made by the respondent. Cf. *People ex rel. Maypole* v. *Meyering,* 358 Ill. 589.

A proceeding by *habeas corpus* in extradition cases is a civil suit instituted by the petitioner for the protection of his own civil rights (*People ex rel. Guidotti* v. *Bell,* 372 Ill. 572, 575), and in the presentation of evidence the rules applicable to civil cases apply. Section 1 of the Evidence and Depositions Act provides that "interest or conviction may be shown for the purpose of affecting the credibility of such witness." (Ill. Rev. Stat. 1957, chap. 51, par. 1.) Such matters affecting credibility may be brought out by cross-examination of the witness. *Bailey* v. *Beall,* 251 Ill. 577, 585.

In the case at bar it was stipulated that the relator, if called to the stand, would deny his presence in the demanding State. Why he was not required to be sworn and to testify does not appear. But as the matter was tried he was entitled to have the stipulated testimony weighed as though he had appeared as a witness and had sworn to the fact. (*Hart* v. *Seymour,* 147 Ill. 598, 618-619.) A conflict in the evidence was thus presented; and the testimony of Jackson, the sole witness produced by respondent, became of the utmost importance upon the factual issue in the case. While the matter is heard before the court without a jury, and is not the trial of a lawsuit or a determination of guilt or innocence, it is essential that full consideration be given to the issues properly before the court and that the relator be given a fair and complete hearing. *People ex rel. Ponak* v. *Lohman,* 7 Ill.2d 156.

Because of the error in unduly restricting the cross-examination the judgment of the criminal court is reversed, and the cause is remanded for a new hearing.

*Reversed and remanded.*