(No. 39635.—)

THE PEOPLE *ex rel.* Gerald O'Mara, Appellant, *vs.* RICHARD B. OGILVIE, Sheriff, Appellee.

*Opinion filed September 23, 1966.*

ROBERT J. McDONNELL, of River Forest, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and JOEL M. FLAUM, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The relator, Gerald O'Mara, whose extradition on a burglary charge is sought by the State of Indiana, here appeals from a judgment of the circuit court of Cook County quashing a writ of *habeas corpus* and remanding him to the custody of respondent for delivery to the messenger of the demanding State. His single contention is that the evidence was not sufficient to establish his presence in the State of Indiana on August 20, 1964, the date named in the Governor's warrant.

It is well settled that the Governor's warrant constitutes a *prima facie* case that an accused is a fugitive from justice, and that after its introduction into evidence the burden of proof is then on the accused to show that he was not in the demanding State at the time of the offense charged. (*People ex rel. James v. Lynch,* 216 Ill.2d 380; *People ex rel. Garner v. Clutts,* 20 Ill.2d 447.) The warrant was introduced into evidence in this case and, to overcome it, the relator thereafter testified that he was not in the State of Indiana on either August 19 or 20, 1964, but that he had spent those days helping his parents do spring housecleaning in their home in the city of Chicago. His father corroborated that relator had been so engaged on the dates in question, testifying that his son had worked until 1:00 or 2:00 A.M. on both days, and that he had slept in the parent's home on those nights even though relator's residence, where he lived with his wife and children, was but three blocks away. In rebuttal, a police officer, who had arrested relator on the fugitive warrant, testified the relator had admitted that he and two companions had committed a burglary in Gary, Indiana, around midnight of August 19, 1964, or "a little after" midnight. By way of surrebuttal, the relator resumed the stand and denied that he had ever made such admissions to the officer.

The contention of the relator in this court assumes that his testimony and that of his father was sufficient to overcome the *prima facie* case made by the warrant, and to

entitle him to his release, and the thrust of his argument is that the testimony of the police officer on rebuttal was unworthy of belief. While it may be pointed out that the determination of the credibility of all the witnesses was the function of the trial court, it is enough to say that we are not in accord with the basic premise upon which the relator's contention rests.

In cases of this nature it is an established rule of law that one held under a Governor's warrant will not be discharged where the evidence on the question of his presence in or absence from the demanding State is merely contradictory. Rather, to entitle one to release on *habeas corpus*, it must appear from the evidence, beyond all reasonable doubt, that the relator was without the demanding State when the offense was committed. (*People ex rel. Garner* v. *Clutts*, 20 Ill.2d 447; *People ex rel. Pusch* v. *Mulcahy*, 392 Ill. 209; *Munsey* v. *Clough*, 196 U.S. 364, 49 L. Ed. 515; *South Carolina* v. *Bailey*, 289 U.S. 412, 77 L. Ed. 1292.) Testing the record by these rules, we are in accord with the trial court that there was no proof sufficient or satisfactory to overcome the *prima facie* case made by the Governor's warrant. At best the evidence on the issue of relator's presence in the demanding State was merely contradictory, and the writ of *habeas corpus* was properly quashed.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*