(No. 41825.—

THE PEOPLE *ex rel.* Robert Tennenbaum, Appellant, *vs.* JOSEPH I. WOODS, Sheriff, *et al.,* Appellees.

*Opinion filed November 26, 1969.*

JOHN J. WALLACE, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE, and PATRICK T. DRISCOLL, JR., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

The relator, Robert Tennenbaum, appeals directly to this court from an order of the circuit court of Cook County denying a writ of *habeas corpus* in an extradition proceeding and remanding him to the custody of the Cook County sheriff for delivery to an agent of the State of Minnesota.

The Governor of the State of Illinois issued a rendition warrant on January 25, 1968, which recited that relator was charged by complaint before a magistrate in Kandiyohi County, Minnesota, with the crime of defeating security on personalty. Relator filed his petition for a writ of *habeas corpus* on April 19, 1968, alleging that he was not substantially charged with a crime against the laws of the demanding State and that he was not physically present within the demanding State on the date of the crime alleged in the Governor's warrant.

A hearing on the petition was held on July 25, 1968, at which time the State's Attorney entered the Governor's warrant into evidence. The State then rested its *prima facie* case. Relator's sole defense was that he was not present in the demanding State at the time of the alleged offense. Tennenbaum did not testify in his own behalf and offered no

evidence in support of his allegation. His attorney, however, argued that by the facts surrounding the charge, and the very nature of the statute under which relator was charged, it would have been a physical impossibility for relator to have been present in the State of Minnesota at the time the alleged crime was committed.

The statute in question (Minn. Stat. 1969, sec. 600.62, subd. 2) reads, in relevant part, as follows: "Whoever, with intent to defraud, does any of the following may be sentenced to imprisonment for not more than two years or to payment of a fine of not more than $2,000 or both: (1) conceals, removes, or transfers any personal property in which he knows that another has a security interest; * * *."

It is relator's contention that it was his removal, from Minnesota to Iowa, of an automobile purchased in the former jurisdiction, which forms the basis of the violation. He further contends that under these facts, the alleged crime could not have been completed until after he was outside the State of Minnesota and therefore the *habeas corpus* petition was improperly quashed.

The only question before this court is whether relator's argument was sufficient to overcome the *prima facie* case made by the Governor's warrant of rendition. (*People ex rel. O'Mara* v. *Ogilvie,* 35 Ill.2d 287; *People ex rel. Guidotti* v. *Bell,* 372 Ill. 572.) After reviewing the record in this case, we are not convinced that relator has sustained his burden of proof. In *Strassheim* v. *Daily,* 221 U.S. 280, 55 L. Ed. 735, 31 S. Ct. 558, the Supreme Court held that a person, although not physically present in the demanding State when the offense was completed, might nevertheless be extradited if he had committed therein an overt act forming a material step toward accomplishing the crime. (See also *People ex rel. Goldstein* v. *Babb,* 4 Ill.2d 483.) Any concealment or removal of the personalty, as well as any act designed to achieve that end, done within the demanding State could therefore form the basis of a proper

extradition proceeding. Accordingly, we find that under the facts presented here, there was no proof sufficient or satisfactory to overcome the *prima facie* case made by the Governor's warrant.

The judgment of the circuit court of Cook County is affirmed.