THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RANDY SWISHER, Defendant-Appellant.

Third District   No. 77-339

Opinion filed May 31, 1978.

Leonard F. Sacks, of Kankakee, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong and John X. Breslin, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

In response to an extradition request from the Governor of Indiana, a Governor's warrant was issued and defendant, Randy Swisher, was arrested in Kankakee, Illinois, as a fugitive from justice. The Governor's warrant indicated defendant was charged by information in Jasper County, Indiana, with committing the offense of second degree burglary on or about December 28, 1976. Pursuant to section 10 of the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1977, ch. 60, par. 27), defendant petitioned the Circuit Court of Kankakee County for a writ of habeas corpus claiming he was not in the State of Indiana on or about the date the offense was allegedly committed. After a hearing the circuit court denied the writ and remanded defendant to custody for delivery to Indiana officials. Defendant appeals.

■■ The rule of law in Illinois is that if an accused can show that he was not physically present in the demanding State on or about the date of the alleged offense, then he is not a fugitive from justice. He may secure his release by obtaining a writ of habeas corpus. (*People ex rel. Goshern v. Babb* (1954), 4 Ill. 2d 114, 122 N.E.2d 239; *People ex rel. Gansler v. Meyering* (1933), 352 Ill. 314, 185 N.E. 628.) A Governor's warrant constitutes prima facie evidence that an accused is a fugitive from justice, and upon its introduction into evidence the burden shifts to the accused to show that he was not in the demanding State at the time of the offense charged in the warrant and supporting documents. *People ex rel. O'Mara v. Ogilvie* (1966), 35 Ill. 2d 287, 220 N.E.2d 172; *People ex rel. James v. Lynch* (1959), 16 Ill. 2d 380, 158 N.E.2d 60.

At the hearing on the writ of habeas corpus defendant Swisher called three witnesses in addition to himself and attempted to prove he was in Kankakee, Illinois, on December 27, 28, and 29, 1976, painting the home of Relius Smith. Mr. Smith testified that during his Christmas vacation from work, on December 27 through 29, 1976, he redecorated the interior of his Kankakee home with the assistance of the defendant, defendant's brother, Kenneth, and Audrey Obertini, who was Mr. Smith's girlfriend at the time and is now his wife. According to the witness the four people worked together each day from 9 a.m. to 9 or 10 p.m., with only a short lunch break. Smith testified that he supplied transportation for defendant and his brother to and from their home on each of the work days. Mrs. Smith's testimony agreed with that of her husband as did the testimony of

defendant's brother Kenneth. In addition, Kenneth testified he resided with defendant during the specified three-day period and that they both stayed home after work each of the three nights and did not leave their house until they were picked up for work by Mr. Smith the next morning. Defendant's own testimony substantially conformed to that of the other three witnesses, indicating that he was assisting Mr. Smith on December 27, 28, and 29, and was not in the State of Indiana. At the close of defendant's case, the State moved for a directed verdict on the grounds defendant had failed to prove beyond a reasonable doubt that he was not in Indiana at the time the alleged offense was committed. The court granted the directed verdict.

On appeal defendant contends it was error for the trial court to direct a verdict for the State because the uncontradicted testimony of himself and his three witnesses was sufficient to prove beyond a reasonable doubt that he was not in Indiana on the date the offense allegedly occurred. We do not agree.

■■ As previously noted, the burden of proof in a habeas corpus proceeding is on the accused fugitive from justice and "a fugitive warrant may be judicially discharged only when it is so conclusively proved that no question can be made that the person was not in the demanding State when the crime is said to have been committed." (*People ex rel. Garner v. Clutts* (1960), 20 Ill. 2d 447, 455, 170 N.E.2d 538.) In the present case the court cited several factors leading it to question defendant's claim that he was not in Indiana when the alleged burglary was committed. First, the court noted the interest and bias of defendant's witnesses. This interest and bias is evident in the record. Relius Smith testified he had been a "real good friend" of defendant for about five or six years. It would be reasonable to assume that Mrs. Smith was also defendant's friend and the possible interest and bias of defendant's only other witness, his brother Kenneth, is apparent. Thus, the trial court properly considered the interest and bias of defendant's witnesses in concluding that defendant had not carried his burden of proof.

■■ The trial court also properly considered the possibility defendant could have gone to Indiana and committed the burglary during his off-work hours, 9 or 10 p.m. to 9 a.m. on December 27, 28, or 29, 1976. Defendant and his brother did testify that they both remained at home during the hours in question, but the court "didn't give the defendant's testimony much credit." It was the function of the trial court to assess the credibility of the witnesses, and we see no reason to question that assessment on review. (*People ex rel. Martin v. Elrod* (1st Dist. 1976), 36 Ill. App. 3d 952, 344 N.E.2d 714; *People ex rel. O'Mara v. Ogilvie* (1966), 35 Ill. 2d 287, 220 N.E.2d 172.) We have already noted the possible bias and interest inherent in the testimony of defendant's brother. Moreover,

the trial court also raised the possibility defendant could have sneaked out of the house while his brother was asleep.

■■ Finally, we believe it was proper for the trial court to consider the documents accompanying the Governor's warrant in determining whether defendant had sustained his burden of proof. Our decision in *In re Leonard* (3d Dist. 1975), 27 Ill. App. 3d 870, 327 N.E.2d 480, held that any confusion raised by the wording of an Alabama requisition and an Illinois warrant could be resolved by an examination of the accompanying indictments, transcripts and petitions. Similarly, we believe the trial court in the instant case could properly interpret the phrase "on or about December 28, 1976," as found in the Indiana information, by referring to the other documents accompanying the Governor's warrant which indicated the burglary with which defendant was charged could have been committed between December 25, 1976, and January 1, 1977. Evidence presented by defendant at the habeas corpus proceeding did not account for defendant's whereabouts before December 27 or after December 29, 1976.

The only purpose of extradition is the return of the fugitive to the place of the alleged offense. Every State has the right to punish its offenders and such offenders should not be accorded protective asylum by another State.

The defendant was not entitled to be discharged and the Circuit Court of Kankakee County properly denied the writ and remanded the defendant to the custody of the sheriff with directions to deliver him to Indiana officials. Therefore, the order is affirmed.

Order affirmed.

ALLOY and SCOTT, JJ., concur.