THE PEOPLE *ex rel.* REZETTE TERRY *et al.*, Relators-Appellants, *v.* RICHARD J. ELROD, Sheriff of Cook County, Respondent-Appellee.

First District (3rd Division)   No. 76-1317

Opinion filed August 2, 1978.

———

T. Lee Boyd, Jr., and Isaiah S. Gant, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Joan S. Cherry, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Relators Rezette Terry and James Coleman were arrested pursuant to a governor's warrant issued by the Governor of Illinois upon the requisition of the Governor of Mississippi. Following their arrest and detention, relators filed a petition in the circuit court for habeas corpus challenging the validity of the arrests. Following an extradition hearing, the trial court dismissed relators' petition and entered an order remanding relators to

Mississippi. On appeal relators contend that the trial court denied them the effective assistance of counsel by denying a motion for continuance, and that they conclusively proved at the extradition hearing that they were not present in the demanding State when the offense was committed.

The warrant alleged that on July 5, 1975, in Hines County, Mississippi, the relators committed the offense of murder and that they were fugitives from justice.

Relators retained private counsel, Mr. Pincham, to represent them at the habeas corpus proceedings. Present counsel, Mr. Boyd, an associate of Mr. Pincham, was listed as co-counsel. Relators were granted at least four continuances before the matter came up on September 14, 1976, for the hearing in question. On that date, Mr. Boyd requested a continuance because Mr. Pincham was out of the city. The prosecutor replied that he had witnesses present from Mississippi. The prosecutor also submitted a letter he had written Mr. Pincham on August 16, 1976. The letter stated that the prosecution would have its witnesses present and that it would be ready to proceed on September 14. The court also was informed that co-counsel had obtained several of the previously granted continuances on behalf of relators.

The trial court announced that it would conduct the hearing on that day, but would grant Mr. Boyd a long recess so that he might prepare for the hearing. When the matter was called a few hours later, Mr. Boyd again stated he was not prepared. The court stated that it would conduct a hearing solely on the issue of whether relators were in Mississippi on July 5, 1975. The judge also stated he would give Mr. Boyd a few days to present further evidence or to make any additional argument. Mr. Boyd replied, "All right."

Both relators testified in their own behalf that they were not in Mississippi on July 5, 1975. Mrs. Onine Coleman, relator Coleman's wife, testified that her husband was with her at home in Maywood, Illinois, on the day in question. She also testified that she saw the relator Terry in a Chicago lounge on the same day.

Mr. L. J. Archie testified for the State that both relators were in his home in Biloxi, Mississippi, on July 5, 1975. Archie had known Coleman for about eight years and Terry for about four years prior to the 1975 date. Archie's brother had been arrested for the murder, but had been released. Archie did not witness the murder.

Relators initially contend that the trial court denied them effective assistance of counsel when it denied them a continuance until Mr. Pincham returned to Chicago. Relators maintain that the assistance rendered them by Mr. Boyd, who was co-counsel and is their present counsel, was ineffective.

■■■ The time allowed to prepare is a reasonable time which depends upon the facts of each case; it rests in the sound discretion of the trial court and will be disturbed on review only when it is shown that discretion has been abused. (*People v. Gore* (1972), 6 Ill. App. 3d 51, 284 N.E.2d 333.) A conclusion of inadequate representation can be reached only when the actual incompetence of counsel is reflected by the manner of carrying out his duties as trial attorney, and it must further appear that substantial prejudice results therefrom. *People v. Bliss* (1970), 44 Ill. 2d 363, 255 N.E.2d 405.

■■■ In the present case, the trial court did not abuse its discretion in denying relators' request for an additional continuance. Relators already had received several continuances. They had announced at a previous hearing they were ready to proceed. Several weeks before the present hearing, the State informed relators' counsel that it would have witnesses present from Mississippi and that it would be ready to go ahead. At the hearing, relators were represented by their co-counsel. The trial court afforded Mr. Boyd a lengthy recess to prepare himself for the proceeding. The attorney was also informed by the court that he could have a few days to present additional evidence or argument. It is apparent that the trial court, in all its actions, was circumspect in protecting all of relators' rights. Moreover, the record reveals that Mr. Boyd acted effectively at the hearing. He presented the relators and Mrs. Coleman as witnesses, and he cross-examined the State's witness thoroughly and exhaustively. Indeed, there is not even a suggestion that counsel failed to properly and adequately present relators' position. Counsel's representation was competent, so much so, that relators found no need to take advantage of the trial court's offer to present additional evidence or argument after the hearing.

Relators next contend that they proved conclusively they were not in the demanding State at the time of the offense and that, therefore, they should have been discharged.

■■ In a *habeas corpus* proceeding, the function of the trial judge is to determine the credibility of the witnesses. (*People ex rel. O'Mara v. Ogilvie* (1966), 35 Ill. 2d 287, 220 N.E.2d 172.) The burden of overcoming the prima facie case of physical presence in the demanding State is on the fugitive from justice. (*People ex rel. Borelli v. Lohman* (1958), 13 Ill. 2d 506, 150 N.E.2d 116.) The evidence introduced by the relator must demonstrate conclusively that relator was not in the demanding State. *People ex rel. Douglas v. Woods* (1968), 39 Ill. 2d 381, 235 N.E.2d 601.

In *People ex rel. Garner v. Clutts* (1960), 20 Ill. 2d 447, 170 N.E.2d 538, seven witnesses testified for relator that he was involved in the sale of a partnership interest in Cairo, Illinois on the day the alleged offense occurred in North Carolina. Relator also introduced a bill of sale which

supported that testimony. The State presented four witnesses who testified to having observed relator in North Carolina on the day of the offense. The court found two of the State's witnesses to be of no probative value, but upheld the trial court's quashing of the writ of *habeas corpus*, stating at page 455:

"\* \* \* this court has consistently invoked and applied the time-honored principles promulgated in *Munsey v. Clough*, 196 U.S. 364, 49 L. ed. 515. There \* \* \* the court held that one detained under a fugitive warrant may be judicially discharged only when it is so conclusively proved that no question can be made that the person was not in the demanding State when the crime is said to have been committed, and added that a court will not discharge a person detained where there is merely contradictory evidence on the subject of his presence in or absence from the demanding State, inasmuch as *habeas corpus* is not the proper proceeding to try the question of alibi, or any question as to the guilt or innocence of the accused."

In the present case, the testimony as to whether relators were in Mississippi on the day of the offense was merely contradictory. Under such circumstances, a court may not discharge a fugitive. The trial court properly entered an order remanding relators to the demanding State.

For the reasons stated, the order of the circuit court of Cook County dismissing relators' petition and remanding relators to Mississippi is affirmed.

Order affirmed.

JIGANTI, P. J., and SIMON, J., concur.