THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GARY WITHERSPOON, Defendant-Appellee.

Fifth District   No. 5—84—0246

Opinion filed October 30, 1985.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Randy E. Blue and E. Joyce Randolph, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

The instant appeal arises out of the State's charge that defendant, Gary Witherspoon, was a fugitive from justice. (Ill. Rev. Stat. 1983, ch. 60, par. 30.) Defendant filed a petition for writ of *habeas corpus*, which was granted after a hearing. The State now appeals.

■ Initially, the State contends that it was error for the court to proceed without notice of the hearing being given to the agent of the demanding State of Wisconsin. While it is error for the circuit court to proceed in this type of case in the absence of notice to the demanding State (*People v. Woods* (1974), 17 Ill. App. 3d 889, 309 N.E.2d 27, 28), the foregoing tenet does not dispose of the case at bar. In closing argument, defense counsel stated:

"Notice of this hearing was sent to the proper authorities, in-

cluding the State of Wisconsin, and they should have had an individual from the State of Wisconsin to identify the Gary Witherspoon who sits here today as being the same Gary Witherspoon who is charged with these offenses in the State of Wisconsin."

The assistant State's Attorney did not object to defense counsel's statement. Thus, the State has acquiesced in defense counsel's statement. Therefore, we conclude that the issue of notice has been waived for purposes of this appeal. See *People v. McAdrian* (1972), 52 Ill. 2d 250, 254-55, 287 N.E.2d 688, 690.

■ The State next contends that the ruling of the trial court that the defendant is not the person named in the extradition papers is against the manifest weight of the evidence. Ordinarily, a Governor's warrant for extradition which is regular on its face establishes a *prima facie* case for extradition against the person named therein. If the person arrested has the same name as the person appearing on the Governor's warrant, there is a rebuttable presumption of identity, and the arrestee then has the burden to show that he is not the person whose extradition is demanded. However, if the Governor inserts in the warrant a name or alias different from that which appears on the face of the indictment or affidavit, the State has the burden of proving the arrestee's identity. (*People v. Cheek* (1982), 93 Ill. 2d 82, 90, 442 N.E.2d 877, 880-81.) In the case at bar, the name inserted in the Governor's warrant is Gary S. Witherspoon. Therefore, the burden is on the arrestee to show that he is not the person whose extradition is demanded.

At the hearing, defendant was the only witness. He testified that he is not the same Gary Witherspoon who committed the alleged offenses in Wisconsin and that he is not the same Gary Witherspoon who was arrested on the Wisconsin charges, because he could not remember being arrested in 1982. Defendant further testified that he could not remember back to 1982, the year of Witherspoon's arrest and the year of the offenses. Defendant had difficulty remembering any particular date he had been arrested since he had been arrested quite a few times. He admitted that he had been arrested in Milwaukee and "did time" in Milwaukee but did not remember the exact dates.

Admitted into evidence was the Illinois Governor's warrant which alleged Gary S. Witherspoon is a fugitive from justice; the Wisconsin Governor's authorization for the arrest of Gary S. Witherspoon; the complaint charging Gary S. Witherspoon with having committed theft and endangering safety by conduct regardless of life on July 6, 1982;

the bail bond with the signature of "Gary Witherspoon"; and the Wisconsin docket for the offenses charged.

■■ ■ The Governor's warrant constitutes a *prima facie* case that an accused is a fugitive from justice; and after its introduction into evidence, the burden of proof is then on the accused to show that he was not in the demanding State at the time of the offense charged. (*People ex rel. O'Mara v. Ogilvie* (1966), 35 Ill. 2d 287, 288, 220 N.E.2d 172, 173.) It has been stated that to entitle one to release on *habeas corpus*, it must appear from the evidence, beyond all reasonable doubt, that the relator was without the demanding State when the offense was committed (35 Ill. 2d 287, 289, 220 N.E.2d 172, 173) or the relator must demonstrate conclusively that relator was not in the demanding State (*People ex rel. Terry v. Elrod* (1978), 63 Ill. App. 3d 74, 77, 379 N.E.2d 823, 825). Testing the record by either of the aforementioned standards, there was no proof sufficient or satisfactory to overcome the *prima facie* case made by the Governor's warrant. Defendant did not unequivocally testify that he was not in Wisconsin on the dates in question or attempt to explain his whereabouts in 1982. Defendant merely testified that he could not remember being in Wisconsin on the pertinent dates. Therefore, we believe that the trial court erred in granting the petition for writ of *habeas corpus*. We further note that it is not improper to deny the petition for writ of *habeas corpus* where the only witness at the hearing is defendant, who testifies that he was not in the demanding State in question. *People ex rel. Pusch v. Mulcahy* (1945), 392 Ill. 209, 64 N.E.2d 458, *cert. denied* (1946), 328 U.S. 865, 90 L. Ed. 1635, 66 S. Ct. 1371.

■■ With regard to the State's argument that the extradition papers submitted by Wisconsin are in proper form, the trial court never ruled on the regularity of the extradition papers; therefore, upon remand the court should consider the regularity of the extradition papers and proceed in conformity with this order.

Reversed and remanded with directions.

WELCH and KARNS, JJ., concur.